OPINION
{¶ 1} Plaintiff, Elizabeth Doriott, D.O., appeals from a summary judgment for Defendants, MVHE, inc., and others, on Dr. Doriott's claims for relief arising from termination of her employment by a physician-practice group operated by MVHE, Inc.
 {¶ 2} Plaintiff argues on appeal that the trial court abused its discretion when it denied her Civ.R. 56(F) motion for a continuance to obtain evidence through discovery to oppose the motion for summary judgment Defendants had filed. On review, we find no abuse of discretion.
 {¶ 3} Plaintiff did not seek discovery of any kind in the months since her complaint was filed. Her motion for continuance was not filed until the day before the deadline date the court had set for filing materials in opposition to Defendant's summary judgment motion. And, Plaintiff's request for continuance was insufficiently particular as to the further discovery Plaintiff wished to conduct. Therefore, we will affirm the summary judgment the trial court granted.
 {¶ 4} Dr. Doriott's employment by MVHE, Inc., began in 1999. She had her own roster of patients. She also sometimes saw the patients of other MVHE, Inc. physicians. On two such occasions, Dr. Doriott concluded that two other MVHE, Inc. physicians, Dr. Robert J. Smith and Dr. Connie Ball, had failed to diagnose a patient's serious health problem.
 {¶ 5} Dr. Doriott notified Dr. Kurt Avery, MVHE, Inc.'s quality assurance physician, of her conclusions. Thereafter, according to Dr. Doriott, Drs. Smith, Ball, and Avery schemed to retaliate against Dr. Doriott because of her reports. She was suspended, and ultimately terminated from her employment.
 {¶ 6} Doriott filed her complaint against MVHE, Inc., and Drs. Smith, Ball and Avery, several related corporate entities, and Miami Valley Hospital on November 16, 2000. The complaint pleaded seven claims for relief; breach of contract, wrongful termination, wrongful terminations against public police, interference with prospective economic advantage, fraud and deceit, violation of the Ohio "whistleblower" statute (R.C.4113.51, et seq.), and defamation. Dr. Doriott asked for compensatory as well as punitive damages and injunctive relief.
 {¶ 7} An Answer was filed on behalf of all Defendants on November 29, 2000. The Answer contains twelve specific defenses.
 {¶ 8} The court, after a telephone conference, entered a final pretrial order on February 23, 2001. The order set the case for trial on Plaintiff Doriott's claims for relief on February 4, 2002. All discovery was to be completed on or before January 7, 2002. Motions for summary judgment were to be filed two months before that, on or before November 6, 2001. Responses contra a summary judgment were to filed within fourteen days after the motion, and replies to the motion contra seven days after that, a total period of twenty-four days. The order further provided that the court would conduct a non-oral hearing on any summary judgment motion twenty-four days after the motion was filed, subject to an eight-day extension granted upon motion and order.
 {¶ 9} Defendants filed a motion to compel discovery on March 27, 2001, alleging that Plaintiff had failed to respond to written interrogatories and requests for documents served on her attorney two months earlier. Plaintiff thereafter provided the discovery and production requested, and so the court denied the motion to compel as moot on June 11, 2001.
 {¶ 10} On August 20, 2001, Defendants moved for summary judgment on four of Plaintiff Doriott's seven claims for relief, those being her claims for breach of contract, wrongful termination, wrongful termination against public policy, and a violation of R.C. 4113.151, et seq. The motion relied on a deposition of Dr. Doriott that Defendants purportedly had taken on May 24, 2001.[1] The motion also relied on a written employment contract between Dr. Doriott and Defendants and on letters of termination.
 {¶ 11} Three days after the Defendant's motion for summary judgment was filed, the court set the motion for hearing on September 13, 2001, consistent with the twenty-four day time provisions of its pretrial order. The court stated that "this hearing date is set to serve as a deadline for the filing of all responsive pleadings."
 {¶ 12} One week after their motion for summary judgment was filed, on August 27, 2001, Defendants moved for leave to file a counterclaim. They alleged that grounds for the counterclaim were not discovered until during and after Dr. Doriott's deposition the preceding January. The counterclaim submitted with Defendants' motion contained four claims for relief: defamation, conversion in two forms, and fraud and deceit. The court granted leave to file the counterclaim(s) on September 5, 2001.
 {¶ 13} On September 12, 2001, one day before the deadline the court had set for filing a response to Defendant's motion for summary judgment, and after more than three weeks had passed since the motion was filed, Plaintiff filed a motion pursuant to Civ.R 54(F) requesting a continuance of the hearing on the motion from September 13, 2001, until a later date. The motion argued that "Plaintiff has not yet had an opportunity to depose the Defendants," and asked the court to "delay consideration of the Defendants' Motion for Partial Summary Judgment until twenty-one (21) days following the deposition of the last named Defendant and after the conclusion of all documentary discovery." Plaintiff argued that no real prejudice would result because Defendants' recently-filed counterclaim would require additional time for discovery.
 {¶ 14} Defendants filed a motion and memorandum contra Plaintiff's Civ.R. 56(F) motion on September 20, 2001. They argued that further discovery could not be productive, pointing out that the four of Plaintiff's claims for relief which their motion for partial summary judgment concerned were wholly foreclosed by the terms of Dr. Doriott's written employment contract and provisions of law relating to her public policy and whistleblower statute claims. They also contended that, to that time, Plaintiff had requested no discovery of any kind and was negligent in not prosecuting her case.
 {¶ 15} Plaintiff Doriott filed an answer to Defendants' counterclaims on October 5, 2001. The answer also pleads ten affirmative defenses.
 {¶ 16} On December 27, 2001, Defendants moved for a protective order concerning notices of depositions of six persons, including individual defendants, that Plaintiff had set for four dates later that month and in the month following. Defendants argued that the notice time was too short, and that they and their counsel would be unavailable. On January 11, 2002, Defendants moved for a protective order with respect to interrogatories Plaintiff had served. Also on January 11, Defendants moved for an oral argument on the Civ.R. 56(F) motion Plaintiff had filed on September 12, 2001.
 {¶ 17} Plaintiff filed a motion and memorandum contra the protective orders Defendants requested. Defendants filed a reply. The court did not rule on those matters, or on Defendants' motion for a hearing on their motion for summary judgment. Instead, on February 5, 2002, the court entered an Amended Final Pretrial Order providing for completion of discovery relative to Defendant's counterclaim on or before September 23, 2002, and set a new trial date of October 21, 2002.
 {¶ 18} The record contains four depositions taken by the Plaintiff after the Amended Final Pretrial Order was entered on February 5, 2002. Those were: a deposition of Jerome D. Yount, taken on April 19, 2002; a deposition of Defendant Kurt Avery, M.D., taken on April 15, 2002; a deposition of Defendant Robert J. Smith, D.O., taken on April 23, 2002; and, a deposition of Defendant Connie Ball, M.D., taken on April 24, 2002.
 {¶ 19} Yount's deposition was filed with the court on August 20, 2002. On that same date the January 17, 2002 deposition of Plaintiff Doriott was filed. The remaining depositions were filed on September 24, 2002. A deposition of Brian Roberts taken by Defendants on January 15, 2002, was also filed on September 24, 2002.
 {¶ 20} It should be noted that all of the foregoing evidentiary materials were filed subsequent to July 30, 2002, the date on which the trial court denied Plaintiff's Civ.R. 56(F) motion for continuance and granted Defendants' motion for partial summary judgment on four of Plaintiff's claims for relief. The court stated that it had held a non-oral hearing on the motions on September 13, 2001, the earlier date it had said it would conduct a non-oral hearing. The court denied Plaintiff's Civ.R. 56(F) motion on a finding that the motion failed to demonstrate how the additional discovery Plaintiff proposed and the grounds on which Defendants' motion for summary judgment were founded are related.
 {¶ 21} The court granted summary judgment for Defendants on Plaintiff Doriott's breach of contract claim because her written employment contract allows either party to "terminate this contract for any reason and at any time: with ninety days notice." Notice had been provided, and the court found that the "any reason" clause avoids any other contractual duty with respect to termination that Defendants could have breached.
 {¶ 22} The court granted summary judgment for Defendants on Plaintiff's whistleblower statute claim on a finding that the matters her claim concerned are not within the coverage of the statute, which is limited to criminal violations. Further, the whistleblower statute requires a form of prior written notice of such matters, which Plaintiff had failed to provide MVHE, Inc.
 {¶ 23} The court likewise granted summary judgment for Defendants on Plaintiff's "public policy" claim because the public policy on which she relied, which is set out in and by the whistleblower statute, does not extend to the circumstances of her termination.[2]
 {¶ 24} The motion for summary judgment concerning Plaintiff's four principal claims for relief that the court granted was, as we have said, filed on August 20, 2001. On that same date, Defendants also moved for leave of court to file a motion for summary judgment on Plaintiff's three remaining claims for relief. Leave was granted and the motion was filed on August 21, 2002. A hearing date of September 18, 2002 was set. On September 4, 2002, Plaintiff moved for a continuance. The motion was granted.
 {¶ 25} On September 18, 2002, Plaintiff voluntarily dismissed the remaining claims for relief on which Defendants had moved for summary judgment. On September 24, 2002, Plaintiff moved for summary judgment on Defendants' counterclaims.
 {¶ 26} On October 19, 2002, Plaintiff Doriott filed a notice of appeal to this court from the trial court's order of July 30, 2002, granting Defendant's partial motion for summary judgment. The appeal was subsequently dismissed for lack of a final order. After Defendants then voluntarily dismissed their counterclaims, Plaintiff filed a second notice of appeal from the July 30, 2002 order. That matter is now before us.
FIRST ASSIGNMENT OF ERROR
 {¶ 27} "The trial court erred to the prejudice of plaintiff-appellant in granting defendants' motion for summary judgment."
 {¶ 28} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First NationalBank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. Nilavar v.Osborn (1998), 127 Ohio App.3d 1.
 {¶ 29} App.R. 16 governs the form and content of briefs an appellant must file. It states that the appellant "shall include in its brief seven enumerated section, including:
 {¶ 30} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
 * * * {¶ 31} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
 {¶ 32} Plaintiff-Appellant's first assignment of error purports that the trial court misapplied the standards imposed by Civ.R. 56 when the court granted Defendants-Appellees' motion for partial summary judgment. Yet, the argument Plaintiff-Appellant presents in support of that contention is wholly lacking in any of the references, reasons, or citations required by App.R. 16(A)(3) and (7).
 {¶ 33} At oral argument, counsel for Plaintiff-Appellant suggested that adequate grounds on which to deny Defendants' motion are nevertheless portrayed by the record, possibly in the depositions Plaintiff took after Defendants-Appellees' motion was filed. As we noted, those depositions were not filed until after the court had granted Defendant's motion for summary judgment on July 30, 2001. However, and with respect to what those depositions might show, this bare contention ignores Plaintiff's burden, as appellant, to identify what those matters are, where they are portrayed, or how they apply. App.R. 16(A)(7). Her brief is wholly deficient in those respects.
 {¶ 34} The argument that Plaintiff does make in support of this assignment of error is that the trial court abused its discretion when it denied her Civ.R. 56(F) motion for a continuance, suggesting that the ruling somehow prevents her from telling us where in the depositions that she took the necessary evidence can be found. We cannot see how the court's ruling does that, at least to the extent that it remains Plaintiff's burden, as appellant, to demonstrate prejudice.
 {¶ 35} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 36} "The trial court erred to the prejudice of plaintiff-appellant in denying plaintiff's rule 56(f) motion."
 {¶ 37} A party who moves for summary judgment bears the initial burden of informing the trial court of the basis of its motion and "identifying those portions of the record that demonstrate the genuine absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims * * * [If] the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt (1996), 75 Ohio St.3d 280,293.
 {¶ 38} A court cannot rule on a motion for summary judgment until at least fourteen days have passed from service of the motion on the nonmoving party. State ex rel. The V. Cos. v.Marshall (1998), 81 Ohio St.3d 470. Before ruling on the motion, the court must notify the parties of the date on which the motion will be decided. It is good practice to likewise specify, as the court here did, a deadline for filing responses to the motion.Hooten v. Safe Auto Insurance Co., 100 Ohio St.3d 8,2003-Ohio-4829. Relevant to that time, Civ.R. 56(F) states:
 {¶ 39} "Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 40} Pursuant to Civ.R. 7(A), the grounds for a Civ.R. 56(F) motion for a continuance must be stated with particularity. In addition, Civ.R. 56(F) requires the motion to be supported by an affidavit containing "sufficient reasons why (the nonmoving party) cannot present by affidavit facts sufficient to justify its opposition" to the summary judgment motion. Id. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." Gates Mills Inv. Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 169. "There must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion." Baldwin's Ohio Practice, Klein/Darling, Civil Practice, Vol. 2, Section At 56-14, at p. 564.
 {¶ 41} A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. See, e.g. Booth v. Security Mutual LifeInsurance Co. (1957), 155 F. Supp. 755. However, the court must be convinced that there is a likelihood of discovering some such facts. Further, a claim that the party has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery. SeeSouthern Rambler Sales, Inc. v. American Motors Corp. (1967),375 F.2d 932.
 {¶ 42} The Civ.R. 56(F) motion that Plaintiff filed stated that, to that date, only Plaintiff had been deposed, and that depositions of other witnesses "will be scheduled in the near future." In his supporting affidavit, Plaintiff's counsel averred that discovery "is expected to be voluminous," and that Plaintiff herself had "produced thousands of pages of relevant material and identified many witnesses," none of whom had yet been deposed. Counsel further stated that discovery was necessary to support Plaintiff's claims for relief, and that "[p]rior to the discovery cut off I intend to take the depositions of each named defendant, as well as other officers of Defendant and other fact witnesses." The motion and affidavit also pointed out that the counterclaims Defendant had filed on September 5, 2001, added to Plaintiff's discovery burdens.
 {¶ 43} The counterclaims that Defendants filed on September 5, 2001, no doubt added to Plaintiff's discovery burden. However, those burdens were independent of the discovery burdens Plaintiff assumed when she filed her own complaint on November 16, 2000, some nine months before Defendants moved for summary judgment on August 20, 2001. Further, that motion was limited to Plaintiff's own claims for relief, and so did not itself affect Plaintiff's discovery burdens with respect to Defendants' counterclaims.
 {¶ 44} Defendants pointed out in their memorandum contra Plaintiff's Civ.R. 56(F) motion that Plaintiff had not sought any discovery since her complaint was filed. Only Plaintiff Doriott had been deposed, and that was by Defendants. Neither had Plaintiff served any interrogatories or requests for admission since she filed her complaint. Plaintiff's motion for a continuance was filed on September 12, 2001, one day before the date the court had set for deciding the motion for summary judgment Defendants filed on August 20, 2001.
 {¶ 45} Plaintiff, in her Civ.R. 56(F) motion and affidavit, assured the court that the discovery she required would be completed before the subsequent date the court had set for discovery cut-off, January 7, 2002. Plaintiff suggests that she reasonably relied on that date in not performing discovery earlier. However, that cut-off date related to the trial date of February 4, 2002, the court had set. Plaintiff was not entitled to rely on the cut-off date with respect to any motions for summary judgment Defendants might file on or before November 6, 2001, the earlier cut-off date the court had set for such motions.
 {¶ 46} Plaintiff assured the court in her Civ.R. 56(F) motion that discovery would promptly commence should a continuance be granted. What that discovery would consist of was set out in only general terms. Plaintiff failed to state what specific discovery she proposed to request, of whom, or when. That lack of specificity appears to have led the court to reject her request on a finding that Plaintiff failed to demonstrate how the discovery she proposed to make related to the motion for summary judgment that Defendants filed.
 {¶ 47} A party that seeks a continuance of the "hearing" on a motion for summary judgment is required by Civ.R. 56(F) to show "that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition" to the summary judgment motion. That implies more than a mere statement that the movant lacks those facts. It also implies that reasons exist why he does not have them which operate to justify the continuance requested. Such a reason might arise when the summary judgment motion is filed early in the proceeding. It might also exist where the party who seeks summary judgment has been resistant to providing discovery that's been requested. Where, as here, the party seeking the continuance has not requested any discovery, and sufficient time to do that has passed, the party's own lack of diligence undermines any claim that sufficient reasons exist.
 {¶ 48} At oral argument, counsel for Plaintiff-Appellant disputed Defendants-Appellees' claim that he had not sought any discovery before the motion for partial summary judgment was filed. The record does not confirm that he did, but discovery can be sought which the record does not reflect. However, we note that none of the depositions Plaintiff filed were taken until late December of 2001 and early January of 2002, almost five months after the motion for partial summary judgment was filed on August 20, 2001. Neither has counsel been able to cite us to any interrogatories or other discovery demands that he served.
 {¶ 49} This court has a strong policy that claims for relief should be decided on their merits when any genuine issue of material fact concerning them is evidenced. None is evidenced here on Plaintiff's behalf, outside the pleadings she filed commencing the underlying action.[3] Throughout the proceedings on Defendant's motion for partial summary judgment, Plaintiff provided no substantive responses. Instead, she requested more time to obtain evidence, but couched her requests in general, non-specific terms. She has followed the same course on appeal.
 {¶ 50} Civ.R. 56(C) imposes burdens on non-moving parties which they ignore at their peril. The rule does not provide for sanctions. But, as it is a proceeding on the merits, even though truncated, a non-moving party who fails to preserve a genuine issue of material fact risks a merit judgment in favor of the movant. The same applies to a Civ.R. 56(F) motion. General contentions that some form or forms of discovery will be undertaken to obtain the necessary evidence are insufficient, especially when none have been undertaken since an action was filed and that was months before.
 {¶ 51} We concede some concern over the trial court's denial of Plaintiff's Civ.R. 56(F) motion in at least one respect. When the court granted the Defendant's motion for leave to file a counterclaim, shortly after their motion for partial summary judgment had been filed, a continuance of the prior trial date was likely. Indeed, the trial date was subsequently continued from February of 2002 to October of 2002. Little harm would have resulted from also granting Plaintiff's Civ.R. 56(F) motion to permit further discovery within that time. However, the court was not persuaded by Plaintiff's last-minute motion that a continuance would be productive. The fact that the grounds on which Defendants relied were largely unassailable matters of fact and law concerning which no "genuine issue" was likely to exist was probably also a factor.
 {¶ 52} Whether to grant or deny a Civ.R. 56(F) continuance is committed to the sound discretion of the trial court. We may then not reverse absent a demonstrated abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. This record does not support such a finding or findings.
 {¶ 53} Plaintiff's second assignment of error is overruled. The judgment from which this appeal was taken will be affirmed.
Brogan, J. and Young, J., concur.
[1] The record indicates that the deposition was instead taken on January 17, 2002. More significantly, the deposition was not filed with the court until August 20, 2002.
[2] It appears that this determination encompasses both of Plaintiff's two wrongful termination claims.
[3] Efforts Plaintiff or her counsel may have made to publicize her grievances against Defendants are not matters of which we take account.