OPINION
{¶ 1} Charlotta Jane Ewers ("Ewers"), as executor of the estate of Dorothy Mae Ewers and in her individual capacity, appeals from a judgment of the Greene County Court of Common Pleas, which granted summary judgment in favor of Jerry Clark, M.D., on her medical malpractice claim.
 {¶ 2} Toward the end of her life, Dorothy Ewers ("Dorothy") resided at the Trinity Community Nursing Home ("Trinity"), where Clark served as the Medical Director. Dorothy had been diagnosed with congestive heart failure and had been taking prescription pain medication prior to moving to Trinity. She was allegedly allergic to certain types of other pain medications. According to the complaint, Clark changed Dorothy's medication, prescribing doses that were too high and medications to which she was allergic, and Dorothy started to suffer from lack of coordination and disorientation. The complaint further alleged that Dorothy fell out of bed at the nursing home in early September 2002 due to neglect. She died a short time later.
 {¶ 3} Shortly after Dorothy's death in September 2002, Ewers filed a complaint against Trinity, some of its employees, including Clark, Hospice of Dayton, and some of Hospice's employees, alleging wrongful death, breach of contract, negligence, fraud, infliction of emotional distress, and loss of consortium. Only the wrongful death claim against Clark is involved in this appeal. On September 2, 2003, Clark filed a motion for summary judgment in which he argued and affied by affidavit that his care of Dorothy had been in accordance with acceptable standards of medical practice. In his affidavit, he also described his handling of her medication and monitoring and averred that his evaluation, care, and treatment did not cause Dorothy's death.
 {¶ 4} Ewers filed her response to Clark's motion for summary judgment on October 6, 2003. In her response, Ewers asserted that the motion for summary judgment was premature because discovery had not been completed and there was "a realistic possibility that genuine issues of material fact will surface as discovery proceeds." She also asserted that Clark's affidavit was insufficient for purposes of summary judgment because it was conclusory and failed to state with specificity the manner in which he had complied with the standard of care. Evers did not include with her response any evidence of the type described in Civ.R. 56(C)
 {¶ 5} Clark moved to strike Ewers's response to his motion for summary judgment as untimely. He further argued that the year since the filing of the complaint had been ample time for Ewers to have Clark's care and treatment of the decedent reviewed by a medical expert. Clark asserted that Ewers was required to come forward with evidence that called his care into question.
 {¶ 6} On November 6, 2003, the trial court granted Clark's motion for summary judgment. Specifically, it noted that no evidence had been offered that any expert witness was prepared to testify that Clark had failed to maintain the requisite standard of care. The court further noted that the case was not one in which the lack of skill or care of the physician was so apparent as to be comprehensible to a layman without the aid of an expert. In view of Ewers's reliance only on evidence that "may be discovered in the future" in response to the motion for summary judgment, the court concluded that summary judgment was appropriate. The court subsequently overruled a motion for reconsideration.
 {¶ 7} Ewers raises two assignments of error on appeal.
 {¶ 8} I. "THE COURT ERRED IN GRANTING DEFENDANT JERRY CLARK'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 9} Ewers claims that summary judgment was inappropriate for two reasons: the motion was filed early in the discovery process, and Clark's affidavit was conclusory and self-serving. Ewers also points out that she had identified an expert who would testify to Clark's negligence.
 {¶ 10} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made.State ex rel. Grady v. State Emp. Relations Bd.,78 Ohio St.3d 181, 183, 1997-Ohio-221, 677 N.E.2d 343; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The moving party "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264. If the moving party satisfies its initial burden, "the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Id.; see Civ.R. 56(E).
 {¶ 11} Clark moved for summary judgment one year after the complaint was filed. Ewers certainly had the opportunity to conduct a significant amount of discovery during this period, although it is not apparent that she had done so. The trial court could have reasonably concluded that Ewers had had an ample opportunity to obtain the opinion of an expert. Civ.R. 56(C) imposes a burden on non-moving parties which they ignore at their peril. A non-moving party who fails to create a genuine issue of material fact risks a judgment in favor of the movant, and general contentions that some form or forms of discovery will be undertaken to obtain the necessary evidence are insufficient, especially when none have been undertaken since an action was filed months earlier. See Doriott v. MVHE, Inc., Montgomery App. No. 20040, 2004-Ohio-867, ¶ 50-51. If Ewers had, for some sufficient reason, been unable to secure the affidavit or deposition of an expert to counter Clark's affidavit, the proper course for her to have taken was to have sought relief pursuant to Civ.R. 56(F). This she did not do.
 {¶ 12} Ewers also asserts that Clark's affidavit was an insufficient basis for summary judgment because it was conclusory and self-serving. Ewers points out that conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264; Civ.R. 56(C). She also points out that the burden is on the movant to show that no genuine issue of material fact exists. Civ.R. 56(C).
 {¶ 13} Clark's affidavit stated the following with respect to his substantive treatment of Dorothy:
 {¶ 14} "6. Ms. Ewers suffered from chronic back and chronic abdominal pain and therefore I continued to prescribe her Celebrex, a medication she was taking prior to her admission to the nursing home.
 {¶ 15} "7. I also prescribed Coumadin to Ms. Ewers because she suffered from a trial fibrillation.
 {¶ 16} "8. Ms. Ewers' PT/INR levels were periodically checked and were within normal ranges.
 {¶ 17} "9. I hold the following opinions within reasonable medical probability based upon my education, training, and experience, my review of the record, and my care and treatment of Ms. Ewers:
 {¶ 18} "a. The evaluation, care, and treatment I provided to Ms. Ewers met all acceptable standards of care for internists in like or similar circumstances; and
 {¶ 19} "b. My evaluation, care, and treatment did not proximately cause Ms. Ewers['] injury or death."
 {¶ 20} Clark's affidavit provided specific information about the manner in which he had cared for Dorothy in addition to his conclusion that his care had met all acceptable medical standards. Although his description of the care he provided was brief, it demonstrated the conditions from which Dorothy suffered, the medications he prescribed for those conditions, and the combination of medications that she received while in his care. In other words, it provided specific information from which another physician could offer an opinion as to the reasonableness of his treatment. Thus, the affidavit was not so conclusory as to be insufficient to support a motion for summary judgment. Ewers's identification of an expert, without offering any evidence of the type permitted by Civ.R. 56(C) to substantiate what opinion the expert would offer, did not comply with the requirements of Civ.R. 56 and was insufficient to survive summary judgment.
 {¶ 21} The first assignment of error is overruled.
 {¶ 22} II. "THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONTINUE THE TIME FOR FILING A RESPONSE AS TO DEFENDANT JERRY CLARK, MD'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION."
 {¶ 23} Under this assignment, Ewers reiterates her previous argument that the motion for summary judgment was filed so early in the discovery process as to make it unreasonable to require her to respond. In our view, the record speaks for itself on this issue. Insofar as the complaint had been filed a full year before the motion for summary judgment, we find this argument to be without merit. Moreover, we note that Ewers was not required to be ready to present her case in full, but simply to rebut Clark's basic assertion that there had been no malpractice. She offered no evidence to create a genuine issue of material fact as to Clark's malpractice and failed to avail herself of Civ.R. 56(F) in a timely manner if, for a sufficient reason, she was unable to do so. Thus, the trial court acted reasonably in rejecting her request for a continuance and overruling her motion for reconsideration.
 {¶ 24} The second assignment of error is overruled.
 {¶ 25} The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.