OPINION
{¶ 1} Plaintiff-appellant Debbie Lynn Porter appeals a decision of the of the Greene County Court of Common Pleas, which overruled her second Civ. R. 56(F) motion for an extension of time and sustained the motions for summary judgment of defendant-appellees David J. Ettinger, M.D. (hereinafter "Dr. Ettinger") and Beavercreek Surgery Center (hereinafter "Beavercreek") on January 31, 2006. Porter filed a notice of appeal with this Court on March 2, 2006.
 I {¶ 2} On February 19, 2002, Porter underwent a breast augmentation procedure performed by Dr. Ettinger at the Beavercreek Surgery Center. Apparently dissatisfied with the results of the surgical procedure, Porter delivered by personal service "180-day letters" to both Dr. Ettinger and Beavercreek informing them of her intent to file suit against them for malpractice. The 180-day letters extended the one-year statute of limitations on Porter's malpractice action until August 18, 2003.
 {¶ 3} It is undisputed that Porter did not file her complaint until August 25, 2003, seven days after the expiration of the statute of limitations. On February 17, 2004, Beavercreek flied a motion for summary judgment citing Porter's failure to file her complaint within the applicable statute of limitations. Dr. Ettinger filed his motion for summary judgment shortly thereafter on March 11, 2004, based on the statute of limitations issue, as well as a standard of care defense. Pursuant to Civ. R. 41(A), Porter voluntarily dismissed her complaint on April 23, 2004.
 {¶ 4} On April 22, 2005, Porter re-filed her malpractice complaint against both Dr. Ettinger and Beavercreek. Dr. Ettinger filed a motion for summary judgment on July 27, 2005, in which he raised the same issues as he did in the original action. Beavercreek followed suit with its own motion for summary judgment filed on August 9, 2005.
 {¶ 5} Pursuant to Civ. R. 56(F), Porter filed her first motion for an extension of time to respond to the motions on August 15, 2005. In her motion, Porter argued that she required an additional 60 days to conduct discovery on the statute of limitations issue. She stated that she also needed the additional time to obtain the affidavit testimony of her purported expert witness, James Apesos, M.D. The trial court sustained Porter's request and gave her until November 1, 2005, to respond to appellees' motions for summary judgment.
 {¶ 6} Porter failed to file a memorandum in opposition on the date set by the trial court. Approximately two months later on January 6, 2006, Porter filed a second motion for an extension stating that she needed additional time to conduct the deposition of Dr. Ettinger "on the issue of the case being potentially barred by expiration of the applicable statute of limitations." In an entry filed on January 31, 2006, the trial court overruled Porter's second Civ. R. 56(F) motion, finding that said motion was untimely filed and that Porter's claims were barred by the statute of limitations. In the same entry, the trial court sustained appellees' motions for summary judgment.
 {¶ 7} It is from this judgment that Porter now appeals.
 II {¶ 8} Porter's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT IN DENYING PLAINTIFF'S CIV. R. 56(F) "
 {¶ 10} In her sole assignment, Porter contends that the trial court erred when it overruled her second Civ. R. 56(F) motion for additional time to respond to appellees' motions for summary judgment. In particular, Porter argues that her second motion for an extension should have been sustained because in accordance with Civ. R. 56(F), she specifically stated in the motion that she required the deposition of Dr. Ettinger in order to respond to the statute of limitations defense raised by appellees in their respective briefs. We disagree.
 {¶ 11} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. We apply the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12, 467 N.E.2d 1378.
 {¶ 12} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 {¶ 13} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 662 N.E.2d 264. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve.Id.
 {¶ 14} Whether to grant or deny a Civ. R. 56(F) continuance is committed to the sound discretion of the trial court. We may then not reverse absent a demonstrated abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 15} Civ. R. 56(F) states in pertinent part:
 {¶ 16} "(F) When affidavits unavailable
 {¶ 17} "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 18} We recently discussed Civ. R. 56(F) in Doriott, D.O. v.M.V.H.E., Inc. (February 27, 2004), Montgomery App. No. 20040,2004-Ohio-867, in which we stated that pursuant to Civ. R. 7(A), the grounds for a Civ. R. 56(F) motion for a continuance must be stated with specificity. "In addition, Civ. R. 56(F) requires the motion to be supported by an affidavit containing `sufficient reasons why [the non-moving party] cannot present by affidavit facts sufficient to justify its opposition' to the summary judgment motion." Id. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment."Id, citing Gates Mill Inv. Co. v. Pepper Pike (1978),59 Ohio App.2d 155, 169, 392 N.E.2d 1316. "There must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion." Id.
 {¶ 19} "A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment."Doriott, supra at 6, 2004-Ohio-867, see, e.g. Booth v. Security MutualLife Insurance Co. (1957), 155 F.Supp. 755. "However, the court must be convinced that there is a likelihood of discovering some such facts."Doriott, supra. "Further, a claim that the party has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery." Id.
 {¶ 20} In the instant case, it is abundantly clear from the record that although Porter claims that she was unable to complete discovery on the appellees' statute of limitations defense, she has failed to demonstrate how deposing Dr. Ettinger would aid her in opposing summary judgment. Porter provides no explanation with respect to why she needed the deposition of Dr. Ettinger to respond to the undisputed argument that her original complaint was filed beyond that applicable statute of limitations. The affidavit of Porter's counsel attached to her second Civ. R. 56(F) motion for continuance also fails to provide any explanation of how the deposition of Dr. Ettinger could be used to rebut the claim that the original complaint was filed beyond that applicable statute of limitations. Simply put, there is no likelihood that any information gathered from the deposition of Dr. Ettinger could rebut appellees' statute of limitations defense.
 {¶ 21} Moreover, Porter provides us with no explanation why her second Civ. R. 56(F) motion was untimely filed. Pursuant to Civ. R. 56(F), Porter requested and was granted a 60 day extension in which to respond to Dr. Ettinger's motion for summary judgment. During that 60 days, Porter failed to file a memorandum in opposition. In fact, it was not until two months after the expiration of the initial 60 day extension that Porter filed a second Civ. R. 56(F) motion which essentially mirrored the first. As explained above, none of the reasons outlined in Porter's second Civ. R. 56(F) motion are sufficient to justify a continuance. Porter does not contest the fact that her original complaint was filed outside of the statute of limitations. Clearly, the second Civ. R. 56(F) motion was filed as a delaying tactic. Thus, it was not an abuse of discretion for the trial court to overrule Porter's second Civ. R. 56(F) motion and sustain the appellees' motions for summary judgment as no genuine issue of material fact existed with respect to the statute of limitations issue.
 {¶ 22} Porter's sole assignment of error is overruled.
 III {¶ 23} Porter's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.