OPINION
{¶ 1} Plaintiff-appellant Ann Hiddens appeals from a summary judgment rendered against her on her claims against defendant-appellee Barbara Leibold for fraud/misrepresentation, professional malpractice/negligence, abuse of process, malicious civil prosecution and defamation. She contends that the trial court abused its discretion by failing to extend the time for discovery prior to rendering summary *Page 2 
judgment and by ultimately rendering judgment against her. She further contends that the trial court abused its discretion by discrediting portions of her evidence as well as by denying her motion to depose a mental health professional. Finally, she claims that the trial court erred by imposing sanctions against her for failing to appear for a deposition at a time ordered by the trial court. Leibold cross-appeals, contending that the trial court abused its discretion by failing to rule on the merits of her pending motions for sanctions.
 {¶ 2} We conclude that the trial court did not abuse its discretion by denying Hiddens's motion for an extension of time to conduct discovery. We further conclude that the trial court properly rendered summary judgment against Hiddens on all of her claims, because she failed to present any issues of material fact with regard to any of those claims. We find no abuse of discretion with regard to evidentiary rulings or the trial court's decision to impose sanctions against Hiddens for failing to appear at a court-ordered deposition. Finally, we conclude that the trial court did err by failing to rule on the merits of Leibold's other pending motions for sanctions.
 {¶ 3} Accordingly, the summary judgment rendered against Hiddens is Affirmed, but the order overruling Leibold's remaining motions for sanctions is Reversed, and this cause is Remanded for further proceedings on the issue of Leibold's motions for sanctions.
 I {¶ 4} The facts of this case center around three primary individuals: Hiddens, Leibold, and Mike Reichard, who is not a party. These three were acquainted through their involvement at St. Albert the Great Catholic Church. Leibold was the Director of *Page 3 
Religious Education at St. Albert. Hiddens completed the Rite of Christian Initiation of Adults at St. Albert, and claims to be a member of that parish. Reichard taught some adult classes at St. Albert.
 {¶ 5} The record is not clear regarding the relationship, if any, between Hiddens and Reichard. However, when Hiddens had difficulty obtaining housing, Reichard permitted her to move into the spare bedroom of his apartment. Subsequently, Reichard purchased a house. He then informed Hiddens that she could not have a key to the new residence and that she must relocate.
 {¶ 6} On May 2, 2004, Hiddens asked Reichard to come to her residence to speak with her. Reichard claims that after spending several hours with Hiddens, she locked the door and would not allow him to leave for several more hours. Some time thereafter, Hiddens went to Leibold's home, where she accused Leibold of having an inappropriate relationship with Reichard. On May 8, Hiddens confronted Reichard at St. Albert. She then confronted Leibold. The parish priest asked Hiddens to leave the premises. The police were called, and a report was filed.
 {¶ 7} In August 2004, packages containing materials accusing Leibold of having an extra-marital affair with Reichard arrived at the homes and businesses of Leibold's family members, friends and co-workers. Thereafter, Leibold filed a petition seeking a Civil Stalking Protection Order against Hiddens. The trial court in that matter granted an ex parte order of protection and set the matter for hearing. Later, Hiddens signed a consent decree, in which she agreed to cease contact with Leibold.
 {¶ 8} In May 2005, Hiddens filed a complaint against Leibold and Leibold's husband, Richard, for fraud/misrepresentation, professional malpractice/negligence, *Page 4 
abuse of process, malicious civil prosecution and defamation. Her complaint sought over three million dollars in damages.
 {¶ 9} In March 2006, the trial court ordered Hiddens to appear for a deposition of the Leibolds. Hiddens failed to appear. The trial court, pursuant to the Leibolds' motion, imposed a monetary sanction against Hiddens for failing to appear.
 {¶ 10} The Liebolds filed a motion for summary judgment on June 16, 2006. On July 3, Hiddens filed a motion for extension of time, pursuant to Civ.R. 56(F), in which she stated that Leibold and "non-parties" had failed to produce requested documents and had failed to comply with deposition requests. She also attached an affidavit to the motion, in which she alleged that she had not received documents from St. Albert's or the Archdiocese of Cincinnati regarding Leibold's employment records. The affidavit also made reference to the failure of the Leibolds and non-parties to comply with requests for depositions.
 {¶ 11} The trial court rendered summary judgment against Hiddens, and overruled both parties' motions for sanctions. Hiddens filed an appeal from the judgment. Leibold filed a cross-appeal from the trial court's order overruling her motion for sanctions.
 II {¶ 12} Hiddens's First Assignment of Error states as follows:
 {¶ 13} "THE TRIAL COURT ABUSE OF DISCRETION AND PREJUDICIAL [SIC] ERRED IN DENYING APPELLANT'S MOTION FOR CONTINUANCE PURSUANT TO CIVIL RULE 56(F)."
 {¶ 14} In this assignment of error, Hiddens contends that the trial court abused its *Page 5 
discretion by failing to grant her Civ.R. 56(F) motion for continuance prior to rendering summary judgment against her. In support, she claims that she was unable to take any depositions of the Liebolds or other witnesses and that she was denied access to requested discovery items.
 {¶ 15} Civ. R. 56(F) states in pertinent part that "[s]hould it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 16} This court has stated that "pursuant to Civ. R. 7(A), the grounds for a Civ. R. 56(F) motion for a continuance must be stated with specificity." Doriott, D.O. v. M.V.H.E., Inc. (February 27, 2004), Montgomery App. No. 20040, 2004-Ohio-867. "In addition, Civ.R. 56(F) requires the motion to be supported by an affidavit containing `sufficient reasons why [the non-moving party] cannot present by affidavit facts sufficient to justify its opposition' to the summary judgment motion." Id. "Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." Id. "There must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion." Id.
 {¶ 17} While "a party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the *Page 6 
control of the party moving for summary judgment[,] the court must be convinced that there is a likelihood of discovering some such facts."Doriott, supra at 6, 2004-Ohio-867. "A claim that the party has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery." Id.
 {¶ 18} An appellate court may not reverse the decision to grant or to deny a Civ.R. 56(F) motion for a continuance absent an abuse of discretion. "The term `abuse of discretion' implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} In this case, the trial court did not enter an order directly overruling Hiddens's request for a continuance. Instead, it entered an ordering stating that the motion for summary judgment would be deemed submitted as of September 12, 2006. Thus, we could conclude that the trial court implicitly granted the extension request by providing Hiddens with a couple extra months to pursue discovery. Even if we construe the trial court's order as overruling the requested extension, we find no abuse of discretion.
 {¶ 20} An examination of Hiddens's motion and attached affidavit reveals that she failed to indicate a likelihood that additional discovery would be likely to lead to relevant evidence. Furthermore, we cannot say that Hiddens showed diligence in pursuing discovery. For example, Hiddens scheduled the deposition of Barbara and Richard Leibold for April 24, 2006. The Liebolds and their attorney appeared for the deposition. However, Hiddens failed to appear, despite the fact that the date had been set by the parties in open court.
 {¶ 21} Leibold started the deposition of Hiddens on November 18, 2005. Prior to *Page 7 
the conclusion of the deposition, Hiddens indicated that she had a prior appointment, and that she would need to continue the deposition to a later date. Defense counsel agreed to the continuation, provided that Hiddens contact him with dates she would be available for deposition. Hiddens failed to contact defense counsel. Thereafter, defense counsel issued a notice of deposition for December 7, 2005. Hiddens failed to appear on that date. Defense counsel subsequently contacted Hiddens and informed her that he would re-schedule her deposition for December 20. Notice was sent to Hiddens who again failed to appear. Notice was then sent for a deposition date of February 17, 2006. Again, Hiddens failed to appear. Notice was sent for April 14, at which time the deposition was completed.
 {¶ 22} Hiddens also scheduled the depositions of the parish priest of St. Albert's and the Bishop of Cincinnati. However, Hiddens failed to appear on that date. Indeed, Hiddens failed to conduct depositions of any witnesses.
 {¶ 23} Given Hiddens's failure to cooperate with discovery or to diligently pursue discovery, we cannot say that the trial court abused its discretion. Hiddens's First Assignment of Error is overruled.
 III {¶ 24} Hiddens's Second Assignment of Error is as follows:
 {¶ 25} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' MOTION FOR SUMMARY JUDGMENT IN THAT THE APPELLEES WERE NOT ENTITLED TO THE JUDGMENT AS A MATTER OF LAW ON ALL COUNTS."
 {¶ 26} Hiddens contends that she presented adequate evidence to overcome Leibold's motion for summary judgment, so that the trial court erred by rendering *Page 8 
summary judgment against her.
 {¶ 27} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St .3d 102, 105. Pursuant to Civil Rule 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327.
 {¶ 28} We turn first to the trial court's decision to render summary judgment against Hiddens on her claim of fraud. The trial court rendered summary judgment because it stated that fraud was not sufficiently pleaded and that Hiddens failed to demonstrate any issue of fact with regard to the claim. From our review of the record, we agree.
 {¶ 29} In order to recover for fraud, a plaintiff must prove five things: "(1) a material false representation (2) knowingly made (3) with the intent to induce reliance (4) reasonable reliance upon the misrepresentation by the plaintiff and (5) damages proximately caused by the reliance." Carter-Jones Lumber Co. v. Denune, 132 Ohio App.3d 430,434 (1999).
 {¶ 30} Hiddens's fraud complaint centers on her claim that Leibold allegedly had an extra-marital affair with Reichard. The essence of her claim is that Leibold did not exhibit appropriate morals required by her position as Director of Religious Education at St. Albert. She further alleges that Leibold used her position to hire Reichard to teach *Page 9 
religious education classes in an attempt to "advance her own personal relationship with Mr. Reichard," and that Leibold contacted her under the guise of church related matters in an effort to "cover up her employment misconduct."
 {¶ 31} After reviewing the record, we conclude that Hiddens fails to demonstrate any false representation made by Leibold. There is no contention that Leibold misrepresented any fact with regard to her employment. Further, there is no evidence that Hiddens relied upon any representation. Indeed, in her deposition, Hiddens admitted that she did not rely on any representation made by Leibold. Thus, we conclude that the trial court properly rendered summary judgment on this issue.
 {¶ 32} We next turn to Hiddens's complaint for professional malpractice. The basis for this complaint is not clear, but appears to center on the claim that Leibold acted as a counselor to her and Reichard despite failing to conform to the church's standard for moral behavior. In other words, she seems to complain, again, that Leibold was allegedly having an affair with Reichard, despite being employed by a Catholic church and that while doing so, Leibold counseled Reichard and Hiddens with regard to their relationship. However, the only information with regard to the alleged counseling is Hiddens's statement that Leibold was successful in keeping Hiddens from leaving Reichard's residence.
 {¶ 33} A "profession" is defined as "a calling requiring specialized knowledge and often long and intensive academic preparation." Webster's Ninth New Collegiate Dictionary (1988) 939. A "professional" is a person "engaged in one of the learned professions * * * characterized by or conforming to the technical or ethical standards of a profession." Id. *Page 10 
 {¶ 34} "The term `malpractice' refers to professional misconduct,i.e., the failure of one rendering services in the practice of a profession to exercise that degree of skill and learning normally applied by members of that profession in similar circumstances."Strock v. Pressnell (1988), 38 Ohio St. 3d, 207, 211, citing 2 Restatement of the Law 2d, Torts (1965), Section 299A. Malpractice involves the failure to: (1) treat a case professionally; (2) fulfill a duty implied into the employment by law; or (3) exercise the degree of skill or care exercised by members of the same profession practicing in the same locality. Richardson v. Doe (1964), 176 Ohio St. 370, 372.
 {¶ 35} There is no evidence in this record to support a finding that Leibold is a professional. Instead, the record demonstrates that Leibold was employed in an administrative capacity and that she was charged with administering the religious education courses at St. Albert. Furthermore, there is no evidence to support a finding that there is any standard of care applicable to Leibold's position or that she fell below any such standard. Hiddens was unable to personally provide information regarding any applicable standard of care, and she failed to present any expert testimony on the issue. Again, the only evidence offered by Hiddens with regard to her claim involves the statement that Leibold was able to successfully provide some sort of counseling. Based upon this record, we cannot say that the trial court erred in rendering summary judgment on this matter.
 {¶ 36} The next claim made by Hiddens sounds in negligence. Again, the basis for this claim appears to be premised on the same facts as the claim for malpractice. As noted by the trial court, Hiddens "has failed to establish any duty owed her by [Leibold,] * * * or proof of breach of that duty." We agree, and conclude that summary judgment *Page 11 
was also properly rendered on this clai0
 {¶ 37} Next, we examine the trial court's decision to render summary judgment against Hiddens on her claims for abuse of process and malicious civil prosecution. Both of these claims are based upon the fact that Leibold filed a petition for a Civil Stalking Protection Order.
 {¶ 38} To prevail on a claim alleging abuse of process, the moving party must show: (1) that a legal proceeding was properly initiated and supported by probable cause; (2) that same legal proceeding was perverted by the nonmoving party in order to achieve "an ulterior motive for which it was not designed"; and (3) that the moving party has incurred damages as a result of the nonmoving party's wrongful use of process. Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994),68 Ohio St.3d 294, 298.
 {¶ 39} Hiddens claims that the petition for the Civil Stalking Protection Order was filed for the improper purpose of covering up Leibold's misconduct and for the purpose of damaging Hiddens's "reputation and credibility." However, the record shows that Leibold successfully obtained a protective order. Hiddens did not challenge the protective order, but instead chose to enter into a consent agreement whereby she agreed to avoid contact with Leibold. Further, the record is devoid of any indication that Leibold attempted to "achieve through the use of the court that which the court is itself powerless to order." See, Robb v. Chagrin Lagoons Yacht Club, Inc., 75 Ohio St. 3d 264, 271,1996-Ohio-189. Thus, Hiddens fails to establish that the petition was filed in an attempt to accomplish an ulterior motive for which it was not designed. Therefore, there is no genuine issue of material fact and Leibold is entitled to judgment as a matter of law on the abuse of process claim. *Page 12 
 {¶ 40} Malicious prosecution is a related, but separate, tort. Under Ohio law, a plaintiff must satisfy four elements to establish a claim of malicious civil prosecution: (1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. Crawford v.Euclid Natl. Bank (1985), 19 Ohio St.3d 135, 139.
 {¶ 41} As noted, before Hiddens can be successful on this claim, she must show that the prior proceeding was terminated in her favor. A proceeding is terminated in favor of the accused "only when its final disposition indicates that the accused is innocent." Ash v. Ash (1995),72 Ohio St.3d 520, 522. When a prosecution is terminated by way of a voluntary settlement or agreement of compromise with the accused, it is not indicative of guilt or innocence and thus, is not a termination in favor of the accused. Id. at 948. Here, Hiddens entered into a voluntary consent agreement in the stalking case. Therefore, she failed to demonstrate that the proceeding was terminated in her favor or that the trial court abused its discretion by rendering summary judgment on this claim.
 {¶ 42} Finally, we address the trial court's decision to render summary judgment on Hiddens's claim for defamation. The factual basis for Hiddens's complaint for defamation is based upon the fact that Leibold filed a police report against her, and that she intimated that Hiddens was insane or crazy in her petition for a Civil Stalking Protection Order.
 {¶ 43} "Defamation is a false publication causing injury to a person's reputation, or exposing the person to public hatred, contempt, ridicule, shame or disgrace or affecting him adversely in his trade or business."Matalka v. Lagemann (1985), *Page 13 21 Ohio App.3d 134, 136. Defamation can be in the form of either slander or libel. Slander generally refers to spoken defamatory words while libel refers to written or printed defamatory words. Lawson v. AK SteelCorp. (1997), 121 Ohio App.3d 251, 256. The essential elements of a defamation action, whether slander or libel, are that the defendant made a false statement of fact, that the false statement was defamatory, that the false defamatory statement was published, that the plaintiff was injured and that the defendant acted with the required degree of fault.Celebrezze v. Dayton Newspapers, Inc. (1988), 41 Ohio App.3d 343,346-347.
 {¶ 44} We begin by noting that "a statement made in a judicial proceeding enjoys an absolute privilege against a defamation action as long as the allegedly defamatory statement is reasonably related to the proceedings in which it appears." Surace v. Wuliger (1986),25 Ohio St.3d 229, syllabus. In this case, Leibold did refer to Hiddens as "crazed" and "crazy" during her testimony in the hearing on the Civil Stalking case. It is clear from reviewing the record that Leibold was not describing Hiddens as clinically insane. Rather, Leibold was merely using those adjectives to describe her impression of Hiddens at the times Hiddens accosted Leibold. In any event, this statement was made in relation to a judicial proceeding and was reasonably related to the proceedings because it merely expressed Leibold's basis for fearing Hiddens. Further, we cannot say that Leibold defamed Hiddens by filing a police report. There is no evidence that any portion of the police reports contained any false statements of fact. Thus, we conclude that Leibold was entitled to summary judgment on this claim.
 {¶ 45} Hiddens's Second Assignment of Error is overruled.
 IV *Page 14 {¶ 46} Hiddens's Third Assignment of Error is as follows:
 {¶ 47} "THE TRIAL COURT ERRED IN GRANTING DR. COOLEY [SIC] PROTECTION ORDER WHEN THE LEIBOLD [SIC] HAD WAIVED PROTECTION WHEN THEY BROUGHT DR. COOLEY AT ISSUE."
 {¶ 48} In this assignment of error, Hiddens contends that the trial court abused its discretion by quashing her subpoena served upon Maribeth Cooley.
 {¶ 49} Cooley, a licensed psychologist, had counseled Leibold in the past. Hiddens caused a subpoena to issue requiring Cooley to testify regarding her treatment of Leibold and to produce all of Cooley's "records, notes, documents, and/or audio tapes pertaining to" the counseling sessions. Cooley filed a motion to quash the subpoena on the ground that all requested items were privileged. Hiddens filed a response in which she alleged that she was entitled to this information because Leibold put her mental health into issue by filing the protection petition in which Leibold had stated that Hiddens had caused her mental distress. Following a hearing, the trial court granted the motion to quash.
 {¶ 50} Pursuant to R.C. 2317.02 and R.C. 4732.19, the records and testimony sought by Hiddens are privileged. Further, Hiddens fails to demonstrate any exception that would overcome the statutory privilege. Additionally, the trial court could reasonably find, on this record, that any bearing that Liebold's mental health might have on her civil stalking protection order petition was too remote from the claims filed by Hiddens to justify overcoming the privilege.
 {¶ 51} Hiddens's Third Assignment of Error is overruled.
 V *Page 15 {¶ 52} Hiddens's Fourth Assignment of Error states as follows:
 {¶ 53} "THE TRIAL COURT ERRED IN GRANTING SANCTION AMOUNT WHEN BOTH PARTIES WERE WRONG ON AGREED DATE AND THE TRIAL COURT WAS PERJUDICED [SIC] AND UNREASONABLE TO REVERSE ITS OWN ORDER AND CANCELED DEPOSITIONS."
 {¶ 54} Hiddens contends that the trial court improperly granted Leibold's request for sanctions. In support, she claims that she was not at fault with regard to her failure to appear for depositions.
 {¶ 55} A trial court has "extensive jurisdiction over discovery, including inherent authority * * * to impose sanctions for failure to comply with discovery orders." State ex rel. TRW Automotive U.S. LLC vCorrigan, Cuyahoga App. No. 89706, 2007-Ohio-1832, ¶ 6. "A trial court has broad discretion when imposing discovery sanctions. A reviewing court shall review these rulings only for an abuse of discretion."Nakoff v. Fairview Gen. Hosp., 75 Ohio St.3d 254, 1996-Ohio-159, at syllabus.
 {¶ 56} As noted above, the record demonstrates that Hiddens consistently hindered discovery by failing to appear for scheduled depositions. As a result, the trial court was required to enter an order setting a date for the parties to take depositions. Hiddens failed to comply with the order. Therefore, the trial court sanctioned Hiddens by requiring her to pay $360 to the Leibolds as compensation for attorney fees incurred when counsel appeared on the date in question.
 {¶ 57} Hiddens does not contend that she was unaware of the trial court's order. The record does not support her contention that the parties were confused with regard to the date. In view of Hiddens's failures to properly comply with discovery requests, we *Page 16 
cannot say that the trial court abused its discretion by imposing a sanction against her.
 {¶ 58} The Fourth Assignment of Error is overruled.
 VI {¶ 59} Hiddens's Fifth Assignment of Error is as follows:
 {¶ 60} "THE TRIAL COURT ERRED AND ABUSE OF DISCRETION [SIC] WHEN DISMISSED [SIC] THE MATERIAL EVIDENCE AS THE PROOF SHOWED THE APPELLEES' MOTIVE, INTENT, AND KNOWLEDGE TO THEIR ACTIONS AND THE EVIDENCE HAD BROUGHT UP BY THE APPELLEES [SIC]."
 {¶ 61} Although this assignment is not entirely clear, it appears that Hiddens objects to the trial court's decision that the transcripts of e-mail and audiotapes of telephone communications between Leibold and Reichard, which Hiddens submitted in support of her memorandum opposing summary judgment, are irrelevant. She contends that this evidence is relevant, because it tends to show that Leibold had "motive, intent, and knowledge."
 {¶ 62} In its decision rendering summary judgment, the trial court stated that the above-cited evidence was irrelevant to the claims made by Hiddens. A review of the evidence supports this finding. The purpose for submitting the e-mails and audiotapes appears to be solely to establish that Leibold and Reichard were having an affair. Hiddens does not state what "motive, intent or knowledge" the evidence demonstrates, nor does she offer any suggestion as to how it is relevant to the claims asserted in her complaint. Further, we conclude that the record does not demonstrate any relevance between this evidence and the claims made. Thus, we cannot say that the trial court *Page 17 
has abused the broad discretion it holds with regard to the admission or consideration of evidence. Allen v. Memering, Greene App. No. 06-CA-16,2007-Ohio-1506, ]}12.
 {¶ 63} The Fifth Assignment of Error is overruled.
 VII {¶ 64} Hiddens's Sixth Assignment of Error states:
 {¶ 65} "THE TRIAL COURT ERRED AND PREJUDICED [SIC] WHEN IT DENIED THE APPELLANT'S MOTIONS TO SANCTION THE PARTIES AND NON-PARTIES."
 {¶ 66} Hiddens contends that the trial court erred by failing to grant her motion for sanctions against Leibold.
 {¶ 67} This assignment of error was not in Hiddens's original merit brief. Indeed, it was first raised in a document titled "answer-cross-brief" filed almost four months after the merit brief. Hiddens contends that she was not able to fit the argument into her appellate brief due to the fact that she included, mistakenly, the table of contents in her page limit. However, given that we permitted Hiddens to file a thirty-five page brief, rather than the normal twenty-five pages permitted by this court's rules, we do not find this argument persuasive. Furthermore, this issue is not raised in the notice of appeal, and Hiddens did not file a motion with this court seeking to supplement her appellate brief. Even if we were to consider the claim, we conclude that Hiddens's motions for sanctions have no merit. Accordingly, the Sixth Assignment of Error is overruled.
 VIII {¶ 68} In their cross-appeal, the Leibolds raise the following as their sole *Page 18 
assignment of error:
 {¶ 69} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLEES/CROSS-APPELLANTS WHEN IT DENIED THEIR MOTION FOR SANCTIONS."
 {¶ 70} Leibold contends that the trial court abused its discretion when it ruled that her motions for sanctions were moot because of its decision to render summary judgment.
 {¶ 71} We agree. Leibold had other motions for sanctions pending at the time the trial court disposed of the motion for summary judgment. The summary judgment does not reach the merits of the motions, but rather, merely disposes of them as moot. However, we find no authority for that conclusion. The Liebolds' motion for sanctions, while arising in the context of Hiddens's action against the Liebolds, is logically independent of the merits of Hiddens's claims against the Liebolds. Therefore, the disposition of Hiddens's claims against the Liebolds did not render moot their motion for sanctions against Hiddens.
 {¶ 72} The Liebolds' sole assignment of error is sustained.
 IX {¶ 73} All of Hiddens's assignments of error having been overruled, the summary judgment rendered against her and in favor of the Liebolds upon her claims against the Liebolds is Affirmed. The Leibolds' sole assignment of error having been sustained, the order of the trial court denying their motion for sanctions is Reversed, and this cause is Remanded for consideration of their motion. *Page 19 
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1