OPINION
{¶ 1} Plaintiff-Appellant, Wiltosha J. Allen, appeals the judgment of the Xenia Municipal Court granting judgment to the defendant, Bob Memering, on a small claims *Page 2 
action seeking damages due to a tree falling on her motor vehicle. Allen claims that the trial court erred in refusing to admit photographs of the tree and her car, and in allowing lay testimony as to weather conditions. Because any error in the admission of the evidence was waived, and because the evidence Allen is attacking does not tend to prove any matter in dispute, any error was harmless. We therefore affirm the judgment of the Xenia Municipal Court.
 {¶ 2} The following facts are pertinent to the instant matter: On November 5, 2005, Allen parked her motor vehicle on the street, in front of 567 Smith Avenue, in Xenia, OH. That residence was owned by defendant Memering and occupied by Allen's friend, Quiona Bauffman. While parked there, a tree fell in the front yard of the residence and damaged Allen's vehicle. Allen made a claim for damages to her vehicle and lost wages for the period of time that the car was incapacitated, which Memering denied.
 {¶ 3} Allen filed suit against Memering in the Xenia Municipal Court, Small Claims Division. At trial, Allen testified, and she called her friend, Quiona Bauffman, to testify. Memering testified on his own behalf.
 {¶ 4} The trial court ruled for Memering, finding that Allen failed to prove any negligence on Memering's part. Allen then appealed this judgment, setting forth two assignments of error.
 First Assignment of Error {¶ 5} It is error for the Trial Court in considering a charge of negligence brought by a guest of the tenant arising from a dead tree falling on her car to find that pictures of the fallen tree could not possibly provide evidence of negligence on the part of the *Page 3 
landlord.
 Second Assignment of Error {¶ 6} It is error for the Trial Court determining negligence alleged by the guest of a tenant for a tree falling on her car to allow lay testimony about the weather conditions such as the wind warnings at Wright Patterson Air Force Base ten (10) miles away but not to allow evidence provided by photographs of the fallen tree.
 {¶ 7} Because Allen has not argued these assignments of error separately, nor provided the court with any analysis or authority to support her assignments of error, (See App.R. 16(A)(7)), the court will consider the assignments together.
 {¶ 8} It is well settled that an owner of land abutting a street in an urban area may be held liable on negligence principles under certain circumstances for injuries or damages resulting from a tree or limb falling onto the street from such property. See Heckert v. Patrick
(1984), 15 Ohio St.3d 402, 473 N.E.2d 1204. In order to establish negligence in this case, Allen needed to prove that Memering failed to use ordinary care, and that he should have foreseen that the condition of the tree was such that it was likely to cause damage to someone. Where negligence revolves around the question of the existence of a hazard or defect, the legal principle prevails that notice, either actual or constructive, of such hazard or defect is a prerequisite to the duty of reasonable care. Id. at 405.
 {¶ 9} Herein, Bauffman testified that when she called Memering about the accident, he inquired if it was the "dead tree" that had fallen. However, Memering denied any such statement. He testified that his mother lived in the other apartment at *Page 4 
that address, that he had been there many times, and that he was familiar with the tree. He testified that he had been watching the tree, and that during the preceding summer the tree had some leaves on it but there were some dead branches, and in spite of that he had no concerns about it. Also, Allen testified that she had visited the apartment of her friend before, and that the tree looked like a normal tree. Furthermore, Bauffman testified that neither she, nor anyone else to her knowledge, had made any complaint about the tree to Memering, nor asked him to take it down.
 {¶ 10} While Allen has not appealed on the basis of manifest weight, it is important to note that a trial court's judgment will not be disturbed if there is some competent, credible evidence in support of its decision. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. Furthermore, we must presume that the findings of the trier of fact by the trial court are correct.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80,461 N.E.2d 1273. The trier of fact is in the best position to make factual findings, since it has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed on appeal through the written record. Id. See, also, Miller v. Miller
(1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. "A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Seasons Coal Co., supra, at 81.
 {¶ 11} On the state of the record herein, the trial court was entitled to find that Allen had failed to carry her burden of proving that Memering was negligent in regards to the fallen tree.
 {¶ 12} With regard to the evidentiary issues asserted in the assignments of error, *Page 5 
we set forth the correct standard of review to which this Court must adhere in disposing of these issues. An appellate court reviews a decision on the admissibility of evidence on an abuse of discretion standard. State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343, paragraph two of the syllabus. Therefore, we are obliged to affirm an evidentiary ruling unless we find that the trial court has abused its discretion. An abuse of discretion means that the trial court's ruling was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (internal citations omitted). And, we may not substitute our judgment for that of the trial court. Finally, "[t]he trial court has broad discretion in the admission * * * of evidence and unless it had clearly abused its discretion * * *, this court should be slow to interfere." State v.Hymore (1967), 9 Ohio St.2d 122, 128, 224 N.E.2d 126.
 {¶ 13} In both assignments of error, Allen asserts that the trial court erred in failing to admit or consider the photographs that she presented at trial showing the fallen tree and the damage to her vehicle. Under Evid.R. 403 and 611(A), the admission of photographs is left to the sound discretion of the trial court. State v. Wilson (1972),30 Ohio St.2d 199, 203-204, 283 N.E.2d 632. For an abuse of discretion to exist, the fact-finder's result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256-57,662 N.E.2d 1.
 {¶ 14} From the record, several things become abundantly clear. First, Allen, *Page 6 
while asking the trial court to view the photographs, never marked, identified, or authenticated them on the record. Secondly, and more importantly, she never asked the court to admit them into evidence in the case. Finally, while the trial court told Allen that he really didn't need the photographs, the judge did tell her he would look at them. Consequently, Allen has waived any right to challenge the court's treatment of this evidence beyond a manifest weight challenge.
 {¶ 15} Allen also asserts that the trial court erred in allowing the testimony of Memering that there was a wind warning at his place of employment, Wright Patterson Air Force Base, ten miles away from the scene of this accident. We note first, that this evidence was at best a gratuitous comment by Memering and not offered by him to prove anything. It was clearly not material to any issues before the court. Therefore, any error in its admission would be harmless. However, from the record, we again note that there was no objection lodged to the trial court with regards to this testimony. Because the testimony was not objected to, and because Allen has not demonstrated plain error in regard to any of the evidence, she has waived any error in the admission of this evidence.
 {¶ 16} Accordingly, Allen's assignments of error are overruled. The judgment of the trial court is affirmed.
WOLFF, P.J., and Fain, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1