[Cite as *BAC Home Loans Servicing, L.P. v. Untisz*, 2013-Ohio-993.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, LP, f.k.a. COUNTRYWIDE HOME LOANS SERVICING, L.P., | : | **O P I N I O N** |
| | : | |
| | | **CASE NO. 2012-G-3072** |
| Plaintiff-Appellee, | : | |
| - vs - | : | |
| JOHN M. UNTISZ, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 10F000333.

Judgment: Affirmed.

*Rose Marie Lynn Fiore* and *James S. Wertheim*, McGlinchey Stafford PLLC, 25550 Chagrin Boulevard, Suite 406, Cleveland, OH 44122 (For Plaintiff-Appellee).

*David N. Patterson*, 33579 Euclid Avenue, Willoughby, OH 44094-3199 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, John M. Untisz, appeals the judgment of the Geauga County Court of Common Pleas granting the motion for summary judgment of appellee, BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. ("BAC"), on its complaint for foreclosure and on appellant's complaint to quiet title. For the following reasons, we affirm.

{¶2}   On July 15, 2008, appellant purchased residential property in Geauga County.   Appellant signed a promissory note, and he granted a mortgage on the property to American Midwest Mortgage Corporation ("American Midwest").   The mortgage was assigned from American Midwest to Mortgage Electronic Registration Systems, Inc. ("MERS"); this assignment was recorded on July 21, 2008. Subsequently, the mortgage was assigned from MERS to Bank of America, N.A. ("Bank of America"), successor by merger to BAC; this assignment was recorded on March 4, 2010.

{¶3}   BAC filed a complaint in foreclosure on March 25, 2010, alleging a default under the note and demanding enforcement of the mortgage.   Appellant, acting pro se, filed an answer.

{¶4}   Appellant then recorded documents with the Geauga County Recorder's Office.   The documents are titled as follows: (1) Appointment of Superseding Successor Trustee; (2) Affidavit of John Untisz; (3) Qualified Written Request; (4) Notice of Right to Cancel; (5) Notice of Lender's Default; (6) Modification of Mortgage Note; and (7) Release of Lien and Full Reconveyance.

{¶5}   A week after filing such documents in the recorder's office, appellant filed a separate quiet title action against BAC, MERS, and American Midwest seeking a declaration from the trial court that Bank of America has no interest in the property and that the note has a zero balance.

{¶6}   The trial court consolidated the foreclosure and quiet title action.

{¶7}   After consolidation, movants, BAC, MERS, and American Midwest, filed a motion for summary judgment as to both the foreclosure and quiet title action.   In its

motion, movants attached an affidavit averring the above documents were deceptively recorded by appellant, as the mortgage was never modified to appoint appellant as successor trustee or superseding successor trustee. Further, the note had not been modified to an indebtedness of zero dollars nor had it been "fully satisfied by consideration tendered January 16, 2011." BAC maintains that appellant's obligation under the note and mortgage remains outstanding and unsatisfied. In such motion, movants specifically requested to strike the above documents filed by appellant with the recorder.

{¶8} With respect to the foreclosure action, appellant, in his brief in opposition to BAC's motion for summary judgment[1], maintains that MERS does not have capacity to "obtain an interest, to transfer or assign any interest and/or to foreclose." Appellant argues that there is no real party in interest as required by law and that he is not in default because BAC cannot produce the original note.

{¶9} With respect to the quiet title action, appellant states he commenced such action because BAC failed to provide him with "true, complete, and accurate documents showing proper title, ownership, holding, or otherwise of the original note and mortgage." BAC maintains that the recorded documents are not improper clouds on the title.

{¶10} In a March 13, 2012 judgment entry, the trial court found the following:

{¶11} [T]he defense of the mortgagor in this case revolved principally around a claim that the Plaintiff had no right to enforce the note or

---

1. BAC had originally filed a motion for summary judgment, which related solely to its foreclosure complaint; however, per the trial court's judgment entry of December 21, 2011, the parties filed a supplemental motion, which addressed both the foreclosure action and appellant's quiet title action.

3

otherwise foreclose. However, the Summary Judgment motion and attachments thereto clearly reveal that Plaintiff was the real party in interest at the time that the matter was filed and further that the mortgage has been assigned to Plaintiff.

{¶12} The trial court also found that the original promissory note was made available to appellant for inspection. Further, the trial court dismissed appellant's quiet title action and ordered the documents filed by appellant to be removed from the public record.

{¶13} Appellant filed a timely notice of appeal and asserts the following assignment of error:

{¶14} "Reviewing the Appellee's Motion for Summary Judgment *de novo*, the record is clear and convincing that the trial court erred to the prejudice of Appellant by granting Appellee's Motion for Summary Judgment in favor of Appellee on the foreclosure Complaint and against Appellant on the quiet title counterclaims and third party complaint."

{¶15} Pursuant to Civil Rule 56(C), summary judgment is proper if:

{¶16} (1) No genuine issue as to any material fact remains to be litigated;

(2) the moving party is entitled to judgment as a matter of law; and

(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

4

{¶17} To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E). *Id.*

{¶18} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, the court of appeals applies "the same standard as the trial court, viewing the facts in the case in a light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶19} A party seeking foreclosure on a mortgage must establish: (1) execution and delivery of the note and mortgage, (2) valid recording of the mortgage, (3) that it is the current holder of the note and mortgage, (4) default, and (5) the amount owed. *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., LLC*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶19.

{¶20} Here, movants attached the evidence necessary to establish each element for foreclosure. Movants attached a copy of the mortgage and note executed by appellant, which demonstrates it was recorded in Geauga County; the Mortgage Assignment from American Midwest to MERS dated July 15, 2008; and the Mortgage Assignment from MERS to BAC, dated February 22, 2010. Movants also attached an affidavit of Angelica Williams, assistant secretary of BAC, who averred that she is the custodian of the business records and has personal knowledge of the facts contained in

5

the affidavit. Ms. Williams averred that she examined the loan histories of appellant; that appellant has been in default since October 2009; and that appellant owed the principal balance of $166,273.74, plus interest at the rate of 6.500% per annum from September 1, 2009, until paid, plus late charges and, pursuant to the mortgage, all sums advanced for the payment of real estate taxes and assessments, insurance premiums, and property protection. Pursuant to *Dresher*, *supra*, therefore, the burden shifted to appellant to set forth specific facts that would create a genuine issue for trial.

{¶21} Although on appeal and in his response to summary judgment, appellant asserts the "alleged 'assignments' in the instant matter were and remain fraudulent, in both law and equity," he failed to provide any evidence to support or buttress this assertion. Therefore, appellant has failed to meet his burden under *Dresher*. Accordingly, we conclude the trial court did not err in granting movants' summary judgment on the complaint for foreclosure.

{¶22} We also find the trial court did not err in granting movants' summary judgment on appellant's complaint to quiet title. After filing several documents in the recorder's office with respect to the property in question, appellant filed a complaint seeking to have the alleged cloud removed and title to the property quieted. Appellant based his allegations on the documents he recorded, which were executed solely by appellant.

{¶23} R.C. 5303.01 governs an action to quiet title and states, "[a]n action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest."

6

{¶24} In their motion for summary judgment, movants established there was no genuine issue of material fact that the documents recorded by appellant, and signed solely by appellant, were false and have no legal effect. Movants attached the affidavit of Susan Reynolds of Bank of America. Ms. Reynolds averred that she has access to Bank of America's business records relating to the July 15, 2008 loan made to appellant, including the mortgage and note. Her affidavit also avers that Bank of America "did not consent to the execution or recordation of any of the documents recorded by [appellant] with the Geauga County Recorder's Office on June 3, 2011 relating to [appellant's] attempt to modify documents entered into with [Bank of America]"; that "[Bank of America] is not a signatory to any of the documents [appellant] recorded with the [recorder's] office"; that the "mortgage had not been modified to appoint [appellant] as Successor Trustee or Superseding Successor Trustee"; and that the note had not been satisfied.

{¶25} In his response, appellant did not provide any evidence to set forth specific facts that prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E). Appellant merely stated that "the evidence conclusively shows" the recorded documents are not improper clouds. Appellant claims the quiet title was commenced because movants failed to provide appellant with documentation demonstrating "proper title, holding, or otherwise ownership of the original note and mortgage." Movants, however, attached the proper documentation to their motion for summary judgment.

{¶26} Even when construed in a light most favorable to the nonmoving party, we find there to be no genuine issue of material fact and that the trial court did not err in granting movants' motion for summary judgment as to the quiet title action.

Furthermore, the trial court did not err in striking the documents filed by appellant with the county recorder.

{¶27} Appellant's assignment of error is without merit.

{¶28} The judgment of the Geauga County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.