[Cite as *Bank of New York Mellon v. Morgan*, 2013-Ohio-4393.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

THE BANK OF NEW YORK MELLON     :

     Plaintiff-Appellee            :          C.A. CASE NO.    25664

v.                                  :          T.C. NO.     11CV5243
                                                       11CV6630

DAVID M. MORGAN, et al.       :

                                       (Civil appeal from
     Defendants-Appellants       :        Common Pleas Court)

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the      4th      day of       October       , 2013.

. . . . . . . . . .

JOHN R. WIRTHLIN, Atty. Reg. No. 0031526 and MICHAEL B. HURLEY, Atty. Reg. No. 0087626, 1700 PNC Center, 201 East Fifth Street, Cincinnati, Ohio 45202
       Attorneys for Plaintiff-Appellee

JONATHAN F. HUNG, Atty. Reg. No. 0082434 and JARED A. WAGNER, Atty. Reg. No. 0076674, 800 Performance Place, 109 N. Main Street, Dayton, Ohio 45402
       Attorneys for Defendants-Appellants

. . . . . . . . . .

FROELICH, J.

      **{¶ 1}** David M. Morgan and Karen R. Kaylor appeal from a judgment of the Montgomery County Court of Common Pleas in favor of Bank of New York Mellon in its foreclosure action and in Morgan and Kaylor's quiet title action. For the following reasons,

the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2}  In 2006, Morgan and Kaylor borrowed $511,200 from Kemper Mortgage, Inc., to purchase the property located at 9321 Ash Hollow Lane.  Morgan and Kaylor signed an adjustable rate interest-only note for that amount, and the note was secured by a mortgage on the property.

{¶ 3}  In July 2011, Bank of New York Mellon ("BNYM") filed a complaint for foreclosure, alleging that the note was in default, the entire balance was properly declared due, and it was entitled to judgment and a decree of foreclosure.  *Bank of New York Mellon v. Morgan*, Montgomery C.P. No. 2011 CV 5243.  BNYM attached a copy of the note and mortgage to its complaint.  The note contained an endorsement from Kemper Mortgage to Decision One Mortgage Company and a blank endorsement by Decision One Mortgage.  BNYM also attached assignments of mortgage from Kemper to Mortgage Electronic Registration System, Inc. (MERS), and from MERS to BNYM.

{¶ 4}  Morgan and Kaylor were timely served with the complaint.  Representing themselves in the action, the homeowners filed an answer denying the allegations.  Morgan and Kaylor also included a counterclaim against BNYM, which raised violations of various consumer and real estate statutes and asked the court to suspend the foreclosure and quiet title in their favor.  On September 15, 2011, Morgan and Kaylor filed a separate quiet title action against Bank of America, N.A., MERS, and BNYM.  *Morgan v. Bank America, N.A.*, Montgomery C.P. No. 2011 CV 6630.  Upon BNYM's motion, the trial court consolidated the two cases.[1]

_____

[1]This appeal concerns only BNYM, Morgan, and Kaylor.  We will not

**{¶ 5}** On March 23, 2012, Morgan and Kaylor filed a motion to compel BNYM to respond to their interrogatories and request for production of documents. On April 6, 2012, BNYM served its responses on the homeowners and it informed the trial court that it had responded. BNYM asked the trial court to deny the motion to compel as moot, which the court did. In June 2012, BNYM provided another notice to the court that it had responded to Morgan and Kaylor's requests for admissions.

**{¶ 6}** On July 23, 2012, BNYM moved for summary judgment on Morgan and Kaylor's quiet title claim. The bank argued that the homeowners could not establish a prima facie case for a quiet title action under R.C. 5303.01 because the homeowners admitted that they borrowed money from Kemper and a valid mortgage is not a "cloud" on the title. On the same date, BNYM moved for summary judgment on all of its claims in its foreclosure action.

**{¶ 7}** Within days of the filing of BNYM's motions for summary judgment, Morgan and Kaylor's newly-retained counsel filed a notice of appearance, and the homeowners moved for leave to amend their answer. Morgan and Kaylor indicated that they wished to amend their answer to "more specifically state their affirmative defenses and plead more consistently with their discovery responses," to restate and clarify their claims regarding BNYM's standing to enforce the note and mortgage, and to include a third-party complaint against Kemper Mortgage.

**{¶ 8}** On August 1, 2013, Morgan and Kaylor filed a motion to delay or deny summary judgment on BNYM's claims against them, pursuant Civ.R. 56(F). They argued

discuss the other parties further.

that they needed more time to resolve outstanding discovery issues with BNYM and to discover facts to show that BNYM did not have possession of the note or the right to enforce the mortgage. They supported their motion with affidavits from Morgan and their attorney.

{¶ 9} While noting that their motions to amend their pleading and to delay ruling on summary judgment were still pending, Morgan and Kaylor responded to BNYM's motions for summary judgment. Morgan and Kaylor argued that the affidavit provided by BNYM in support of its summary judgment motion in the foreclosure action was inadmissible, and they asserted that genuine issues of material fact existed as to whether BNYM was the holder of the note and was properly assigned the mortgage. The trial court subsequently denied the homeowners' motion for leave to amend their pleading.

{¶ 10} On September 19, 2012, Morgan and Kaylor filed a second motion to compel discovery from BNYM. They argued that many of BNYM's discovery responses were incomplete and the bank had not been cooperative in resolving the dispute about their answers. All of the disputed interrogatories and requests for production of documents concerned BNYM's evidence of their ownership of the note and mortgage. Morgan and Kaylor also complained that BNYM had not contacted them to arrange a time for them to inspect the original note.

{¶ 11} On October 9, 2012, the trial court ordered BNYM to answer whether a particular individual was an employee of MERS, but otherwise overruled the motion to compel. With respect to the original note, the court noted that BNYM had responded, "Plaintiff will make the original note available for inspection and copying at a time and place that is convenient to Defendants David Morgan and Karen Kaylor. Once counsel for

Plaintiff has received the requested note, counsel will notify Defendants and arrange a time and place for inspection and copying." The trial court advised counsel to arrange a time for this to occur. BNYM filed its response to Morgan and Kaylor's outstanding request for admissions on October 15, 2012.

{¶ 12} On October 24, 2012, the trial court overruled Morgan and Kaylor's Civ.R. 56(F) motion to delay the ruling on summary judgment and granted BNYM's motion for summary judgment on Morgan and Kaylor's claims against it. In a separate ruling, the trial court granted summary judgment to BNYM on its foreclosure claims. The trial court subsequently filed a judgment entry which both granted judgment and a decree of foreclosure to BNYM in its foreclosure action and granted judgment to BNYM on Morgan and Kaylor's quiet title action.

{¶ 13} Morgan and Kaylor appeal from the trial court's judgment. They raise three assignments of error, which we will address in reverse order.

## II. Denial of Motion to Amend Pleadings

{¶ 14} Morgan and Kaylor's third assignment of error states, "The trial court erred when it overruled Appellants' motion for leave to amend their pleadings."

{¶ 15} Civ.R. 15(A) provides that "[l]eave of court [to amend a pleading] shall be freely given when justice so requires." "While [Civ.R. 15(A) ] allows for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). A trial court's decision on whether to allow the amendment of a pleading is reviewed for an abuse of

discretion. *Baltes Commercial Realty v. Harrison*, 2d Dist. Montgomery No. 23177, 2009-Ohio-5868, ¶ 43, citing *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). An abuse of discretion implies an attitude on the part of the trial court that is arbitrary, capricious, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 16} As stated above, after obtaining counsel, Morgan and Kaylor filed a motion to amend their answer for the purpose of clarifying their affirmative defenses and allegations so that they were consistent with their discovery answers. They also sought to add a third-party complaint against Kemper to raise claims of breach of fiduciary duty and slander of title. The trial court denied Morgan and Kaylor's motion without explanation.

{¶ 17} To the extent that Morgan and Kaylor sought simply to clarify their allegations and defenses, the trial court did not abuse its discretion in denying the motion to amend. Although the amended answer and counterclaim may have been more artfully written than those that were filed pro se, the claims asserted in the amended answer and counterclaim were already before the court. While the trial court could have reasonably permitted the answer and counterclaim to be amended, it was not reversible error for the trial court to deny the motion.

{¶ 18} Morgan and Kaylor sought to add Kemper Mortgage, the original mortgagee, to the litigation through a third-party complaint. The homeowners' proposed claim for breach of fiduciary duty alleged that Kemper breached its duty to them by erroneously determining that the note was within their financial means. The homeowners also alleged that Kemper had a duty to record a corporate assignment of mortgage to Decision One.

They asserted that Kemper had executed and recorded a false assignment of mortgage to MERS. Morgan and Kaylor's slander of title claim reiterated that Kemper created a cloud on the title by purportedly assigning the mortgage to MERS after previously assigning the mortgage to Decision One.

{¶ 19} Under Civ.R. 14(A), "a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." The third-party complaint may be filed without leave if it is filed within 14 days of serving the original answer. Thereafter, leave of court is required. *Id.*

{¶ 20} BNYM brought suit against Morgan and Kaylor due to the homeowners' alleged default on the note and mortgage in connection with the Ash Hollow property. Morgan and Kaylor's claims against Kemper, although related to their purchase of the Ash Hollow property, do not assert that Kemper may be liable to them for all or part of BNYM's claims against them. Morgan and Kaylor seek a monetary judgment against Kemper for its own actions related to the lending of money to the homeowners and the recording of the assignment of mortgage to MERS. Morgan and Kaylor's claims against Kemper do not fall within the scope of Civ.R. 14(A). *See BAC Home Loans Servicing, LP v. Blankenship*, 6th Dist. Lucas No. L-11-1199, 2013-Ohio-2360. Accordingly, the trial court did not err in denying the homeowners' motion to amend their pleading to include a third-party complaint.

{¶ 21} The third assignment of error is overruled.

### III. Denial of Civ.R. 56(F) Motion

{¶ 22} Morgan and Kaylor's second assignment of error states, "The trial court

erred when it overruled Appellants' motion to delay or deny summary judgment."

{¶ 23}    In their second assignment of error, Morgan and Kaylor claim that the trial court should have deferred ruling on BNYM's motion for summary judgment and allowed them additional time to conduct discovery under Civ.R. 56(F).

{¶ 24}    Civ.R. 56(F) provides:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

"The trial court's determination of a Civ.R. 56(F) motion is a matter within its sound discretion.   Accordingly, the trial court's determination will not be reversed absent an abuse of that discretion."   (Citation omitted.)   *Scaccia v. Dayton Newspapers, Inc.*, 170 Ohio App.3d 471, 476, 2007-Ohio-869, 867 N.E.2d 874, 878 (2d Dist.).

{¶ 25}    We discussed the requirements of Civ.R. 56(F) in *Doriott v. MVHE, Inc.*, 2d Dist. Montgomery No. 20040, 2004-Ohio-867, as follows:

Pursuant to Civ.R. 7([B]), the grounds for a Civ.R. 56(F) motion for a continuance must be stated with particularity.   In addition, Civ.R. 56(F) requires the motion to be supported by an affidavit containing "sufficient reasons why (the nonmoving party) cannot present by affidavit facts sufficient to justify its opposition" to the summary judgment motion.   "Mere

allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment." "There must be a factual basis stated and reasons given within an affidavit why a party cannot present facts essential to its opposition to the motion."

A party who seeks a continuance for further discovery is not required to specify what facts he hopes to discover, especially where the facts are in the control of the party moving for summary judgment. However, the court must be convinced that there is a likelihood of discovering some such facts. Further, a claim that the party has not completed discovery is more likely to be rejected by the court where the party has not shown some diligence in attempting discovery.

*Doriott* at ¶ 40-41; *see also Bank of Am. v. McGlothin*, 2d Dist. Clark No. 2012 CA 96, 2013-Ohio-2755, ¶ 12-15.

{¶ 26} Morgan and Kaylor originally served BNYM with interrogatories and requests for production of documents in January 2012. After Morgan and Kaylor filed a motion to compel discovery, BNYM provided answers on April 6, 2012.

{¶ 27} In their Civ.R. 56(F) motion, filed August 1, 2012, Morgan and Kaylor argued that there were outstanding discovery issues that had not yet been resolved. They asserted that they could not reasonably schedule or provide notice of depositions until BNYM provided additional information, such as the residential address of Veronica Vela, who had submitted an affidavit in support of BNYM's motion for summary judgment.

Morgan and Kaylor stated that they sought facts relevant to the standing issue, such as whether BNYM has actual possession of the note and whether BNYM received rights to enforce the note through the assignments of mortgage from Kemper to MERS and from MERS to BYNM. Morgan and Kaylor's counsel provided an affidavit saying that he was retained as counsel on July 18, 2012, and that he sent a letter on July 25, which outlined certain deficiencies in BNYM's discovery responses. The attorney indicated that he had not yet received a reply from BNYM.

{¶ 28} Approximately six weeks after filing their Civ.R. 56(F) motion, Morgan and Kaylor filed a second motion to compel discovery. On October 9, 2012, the trial court ordered BNYM to answer whether Mercedes Judilla was an employee of MERS, but otherwise overruled the motion. The court noted that BNYM had provided contact information for Ms. Vela in its April 2012 responses to the interrogatories.

{¶ 29} Upon review of the record, the trial court did not abuse its discretion in overruling Morgan and Kaylor's Civ.R. 56(F) motion. In its April 2012 response to the homeowners' interrogatories, BNYM identified Vela as the individual who had knowledge of facts that would establish BNYM's standing in this case. Morgan and Kaylor had contact information for Vela (albeit not her residential address) as of April 2012, yet they did not attempt to schedule a deposition of her. There is nothing to suggest that the contact information the BYNM provided for Vela was insufficient.

{¶ 30} In addition, Morgan and Kaylor sought evidence that BNYM had possession of the original note. They wanted to know who delivered the note to BNYM and to inspect the note. BNYM's responses referred the homeowners to Vela, who could have

been deposed. BNYM indicated that they would make the note available, and there is no suggestion that the original note would provide different information that the copies provided to the homeowners.

**{¶ 31}** The second assignment of error is overruled.

### IV. Motion for Summary Judgment

**{¶ 32}** Morgan and Kaylor's first assignment of error states, "The trial court erred when it granted Appellee's motion for summary judgment."

**{¶ 33}** Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Those materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action." *Id*. at 293; Civ.R. 56(C).

**{¶ 34}** Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R.

56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id*.

{¶ 35} At the outset, it is undisputed that Morgan and Kaylor borrowed $511,200 from Kemper Mortgage to purchase the Ash Hollow property and signed a mortgage securing the loan. The homeowners also do not dispute that they have defaulted on their payments; they admitted in BNYM's request for admissions that their last payment was made on January 20, 2011, and that they are obligated to repay the money that they borrowed, plus interest. Morgan and Kaylor also acknowledged that they received a notice of default.

{¶ 36} In support of their motions for summary judgment, BNYM submitted an affidavit by Veronica Vela of Bank of America, N.A. ("BANA"), which services the homeowners' loan for BNYM. Vela stated that BANA maintains the loan records for BNYM, that she had personal knowledge of "BANA's procedures for creating these records," that, as part of her job, she is familiar with the types of records maintained by BANA in connection with Morgan and Kaylor's loan, and that the information contained in her affidavit was taken from BANA's business records. Vela stated that she "personally reviewed the attached records, and I make this affidavit from a review of those business records and from my personal knowledge of how said records are created and maintained."

{¶ 37} According to Vela's affidavit, BNYM "holds the Note and is the person entitled to enforce a certain promissory note," which was secured by a mortgage. Copies of

the note and the mortgage were attached to Vela's affidavit, and she stated that the attached note and mortgage were "true and accurate" copies of the original note and mortgage. The note identified the lender as Kemper Mortgage, and it included an endorsement from Kemper Mortgage to Decision One. On the same page, there was a blank endorsement by Decision One. The mortgage identified Kemper as the mortgagee/lender.

{¶ 38} Also attached to Vela's affidavit were "true and accurate" copies of Morgan and Kaylor's' payment history and a notice of default. The payment history showed that Morgan and Kaylor's last payment was made on January 28, 2011, and that the payment was applied to the amount due in November 2010. Vela stated that Morgan and Kaylor defaulted on the terms of the note when they failed to make the monthly payment due on December 1, 2010. BANA notified them of the default, the default was never cured, the loan was never reinstated or paid off, and the note and mortgage remain in default. The entire balance has been accelerated and is due.

{¶ 39} BNYM also submitted an affidavit by Edward Cahill, legal assistant to Kelly Spengler, who was an attorney for BNYM. Cahill stated that he requested certified copies from the Montgomery County Recorder's Office of the mortgage in favor of Kemper, the assignment of mortgage from Kemper to MERS, and the assignment of mortgage from MERS to BNYM. Cahill stated that the Montgomery County Recorder's Office returned the three certified copies attached to his affidavit.

{¶ 40} In opposing BNYM's summary judgment motion, Morgan and Kaylor asserted that genuine issues of material fact existed regarding whether BNYM had actual possession of and was entitled to enforce the note. The homeowners claimed that BNYM

refused to provide an opportunity to inspect the original note, and Vela's affidavit was insufficient to establish that BNYM possessed it. Morgan and Kemper further asserted that there was substantial evidence that Kemper assigned the mortgage to Decision One, rather than MERS, and that the assignment of the mortgage to BNYM, even if it did occur, was not sufficient to allow BNYM to enforce the note.

{¶ 41} According to Morgan's second affidavit, on March 15, 2006, he attended the closing for the loan on the Ash Hollow property. At the closing, Kemper provided documents giving notice of its assignment of its rights and interests in the promissory note and mortgage executed by Morgan and Kaylor. Morgan attached unsigned copies of a "Notice of Assignment, Sale or Transfer of Servicing Rights" from Kemper to Decision One, a "Corporate Assignment of Mortgage" from Kemper to Decision One, and a "Request for Change to Insurance Policy" so that Decision One, rather than Kemper, was listed as mortgagee. Morgan further stated in his affidavit that BNYM had not produced the original promissory note or mortgage to him or Kaylor.

{¶ 42} The trial court granted summary judgment to BNYM for both the quiet title action and its foreclosure action. After reviewing the evidence submitted by the parties, the court concluded in its quiet title decision:

> Based on the evidence before the Court, it appears that Morgan and Kaylor were fully aware of what they were doing and intended to execute the mortgage and note at issue. There is no dispute of fact that Defendants fully intended to execute a mortgage in favor of Kemper Mortgage, Inc. to secure the promissory note at issue. The documents attached to Defendant

Morgan's Second Affidavit do not call into question the validity of the assignment of the mortgage to MERS or BNY. The note is endorsed in blank and is bearer paper. BNY has filed evidence showing that it is the holder of the note. Defendants have failed to show that a dispute of fact exists as to their claim(s) for quiet title. The Court finds that BNY is entitled to summary judgment on Morgan and Kaylor's claims for quiet title against BNY.

**{¶ 43}** In granting summary judgment to BNYM on its own claims, the trial court rejected Morgan and Kaylor's contention that Vela's affidavit was hearsay and did not contain the proper basis of knowledge to support a finding that she had personal knowledge of the matters to which she testified. It further stated that BNYM was not required to produce the original documents, as the documents produced by BNYM were sworn or certified copies and the assignments of mortgage were exempt from the hearsay rule. The court found that no genuine issues of material fact existed and that the evidence indicated that BNYM was the holder of the note and assignee of the mortgage.

**{¶ 44}** On appeal, Morgan and Kaylor raise the same arguments that they presented to the trial court. Upon review, we find no fault with the trial court's grant of summary judgment.

**{¶ 45}** First, Vela's affidavit sufficiently alleged that she had knowledge of the facts included in her affidavit. As we recently stated in *Fifth Third Mtge. Co. v. Campbell*, 2d Dist. Montgomery No. 25458, 2013-Ohio-3032:

Civ.R. 56(E) provides that a supporting affidavit must "be made on personal

knowledge," must "set forth such facts as would be admissible in evidence," and must "show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "A flat statement by the affiant that he had personal knowledge is adequate to satisfy Civ.R. 56(E)." (Citation omitted.) *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14 (saying also that "a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated").

*Campbell* at ¶ 6. Vela's affidavit stated that she had personal knowledge of how BANA's records are created and maintained, that BANA maintained the loan records for BNYM, and that the facts contained in her affidavit were based on that knowledge and her personal review of the records attached to the affidavit. The trial court did not err in considering Vela's affidavit.

**{¶ 46}** In addition, the trial court did not err in considering the documents attached to Vela's and Cahill's affidavits. The note, mortgage, and assignments of mortgage were attached to the affidavits, they were authenticated and verified, and they fall under the business-records hearsay exception in Evid.R. 803(6). *See Campbell* at ¶ 7-9; *SFJV v. Ream*, 187 Ohio App.3d 715, 2010-Ohio-1615, 933 N.E.2d 819, ¶ 46-48 (2d Dist.).

**{¶ 47}** Upon review of the parties' evidence, we find no genuine issue of material fact as to whether BNYM was the holder of the note. The note was executed by Morgan

and Kaylor in favor of Kemper. The note contains an endorsement from Kemper to Decision One, and Decision One endorsed the note in blank, which caused the note to be bearer paper. R.C. 1303.25(B). Vela's affidavit established that BNYM was the holder of the note with the right to enforce the note, and she attached a copy of the note to her affidavit. Morgan and Kaylor have provided no evidence to contradict Vela's averment. Accordingly, no genuine issue of material fact exists that BNYM was the holder of the note.

{¶ 48} Morgan and Kaylor argue that genuine issues of material fact exist as to BNYM's actual possession of the note because BNYM refused to provide them an opportunity to inspect the original copy of the note. They rely on *Bank of New York Mellon Trust Co Natl. v. Mihalca*, 9th Dist. Summit No. 25747, 2012-Ohio-567, for the proposition that a trial court errs in granting summary judgment to a plaintiff-bank when the bank fails to produce the original copy of a note upon timely request by the defendant-payors for inspection.

{¶ 49} In *Mihalca*, the Ninth District specifically stated that "[n]othing in this opinion should be read to suggest a requirement that foreclosure complaints may only be filed with original notes and mortgage documents." *Id*. at ¶ 19. Rather, the appellate court concluded that "the affidavit [before the trial court] was insufficient to overcome the doubt that the Bank lacked current possession of the note for purposes of summary judgment." *Id.* at ¶ 18. The differences in the affidavit and the distinct discovery and pre-trial rulings distinguish *Mihalca* from this case.

{¶ 50} Moreover, we have previously held that a foreclosing bank was not required to present the original documents to the trial court and that a trial court could rely on copies

of a note and mortgage in ruling on a motion for summary judgment in a foreclosure case. *See U.S. Bank Natl. Assn. v. Higgins*, 2d Dist. Montgomery No. 24963, 2012-Ohio-4086, ¶ 18; *CitiMortgage, Inc. v. Draper*, 2d Dist. Clark No. 2012 CA 78, 2013-Ohio-2927, ¶ 20 ("Berry was not required to attach the original note and mortgage to her affidavit, and the trial court did not err in granting summary judgment in CitiMortgage's favor without those originals."). Where a plaintiff-bank has attached copies of the note and mortgage to an affidavit attesting that the copies are true and accurate copies of the note and mortgage, we have found that such evidence is sufficient meet the bank's summary judgment burden of establishing standing. *See Draper* at ¶ 18; see also*, e.g., BAC Home Loans Servicing, L.P. v. Untisz*, 11th Dist. Geauga No. 2012-G-3072, 2013-Ohio-993, ¶ 20; *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 16-18 ("U.S. Bank's possession of the note was demonstrated by the attachment of a copy of the note to the complaint and the affidavit, coupled with Rowles' statements concerning U.S. Bank's possession of the note and mortgage in her affidavit.").

{¶ 51} Morgan and Kaylor further claim that BNYM did not establish that it had standing to bring the foreclosure action, because they produced evidence that Kemper assigned the mortgage to Decision One prior to Kemper's purported assignment to MERS. Morgan and Kaylor did not present any evidence of any signed assignment of mortgage from Kemper to Decision One. And even assuming, arguendo, that there were irregularities in assignment of the mortgage, Ohio courts have recognized that in such cases the mortgage automatically follows the note it secures. *See, e.g., Bank of New York Mellon v. Loudermilk*, 5th Dist. Fairfield No. 2012-CA-30, 2013-Ohio-2296, ¶ 43 (citing cases);

*Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 65 ("Even if the assignment of mortgage from Argent to Deutsche Bank was invalid, Deutsche Bank would still be entitled to enforce the mortgage because under Ohio law, the mortgage 'follows the note' it secures. * * * The physical transfer of the note endorsed in blank, which the mortgage secures, constitutes an equitable assignment of the mortgage, regardless of whether the mortgage is actually (or validly) assigned or delivered."); *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 31-34 (recognizing that the transfer of a note automatically results in equitable assignment of a mortgage securing the note). BNYM established that it held the note secured by the mortgage at issue. Thus, again, even assuming certain irregularities, BNYM was not required to have the mortgage formally assigned to it.

**{¶ 52}** Accordingly, the trial court did not err in granting summary judgment to BNYM on its claims against Morgan and Kaylor and on the homeowners' claims against it. The first assignment of error is overruled.

### V. Conclusion

**{¶ 53}** The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

John R. Wirthlin
Michael B. Hurley
Jonathan F. Hung
Jared A. Wagner

Hon. Timothy N. O'Connell