[Cite as *JP Morgan Chase Bank, N.A. v. Massey*, 2013-Ohio-5620.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

JPMORGAN CHASE BANK, N.A.

  Plaintiff-Appellee

v.

DAVID A. MASSEY, et al.

  Defendants-Appellants



Appellate Case No. 25459

Trial Court Case No. 2010-CV-5563

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 20th day of December, 2013.

. . . . . . . . . .

ANNE MARIE SFERRA, Atty. Reg. No. 0030855, NELSON M. REID, Atty. Reg. No. 0068434, 100 South Third Street, Columbus, Ohio 43215
  Attorneys for Plaintiff-Appellee

DOUGLAS M. TROUT, Atty. Reg. No. 0072027, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
  Attorney for Defendant-Appellee-Montgomery County Treasurer

ROBERT D. ROSS, Atty. Reg. No. 0062853, 300 West Monument Avenue, Dayton, Ohio 45402
  Attorney for Defendants-Appellants

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendants-Appellants, David and Ulrike Massey, appeal from a Judgment Entry and Decree in Foreclosure rendered in favor of JP Morgan Chase Bank ("Chase"). The Masseys contend that the trial court erred in rendering summary judgment in favor of Chase because, in a prior action between the same parties and based on the same facts, a different trial court found genuine issues of material fact precluding summary judgment.

**{¶ 2}** We conclude that the trial court erred in rendering summary judgment in favor of Chase. Although the decision in the prior action is legally irrelevant, genuine issues of material fact do exist regarding whether Chase is entitled to summary judgment on its foreclosure claim. Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings.

## I. Facts and Course of Proceedings

**{¶ 3}** In September 2001, the Masseys signed a note promising to pay Washington Mutual Bank the sum of $94,000, at an interest rate of 6.875% per annum. The monthly payments for principal and interest on the note were $617.51. As security for the note, the Masseys gave Washington Mutual a mortgage on their property, which is located at 416 Lonsdale Avenue, Dayton, Ohio. In March 2007, a loan modification agreement was filed, increasing the loan amount to $95,206.49. The new payments for principal and interest under the modification were $670.49, and the interest rate remained the same.

**{¶ 4}** In July 2008, the Masseys received notice that their payment to the bank, which included amounts collected and held in escrow for property taxes, would increase from $969.16 to $1,713.25 per month. This new monthly payment included $670.47 for principal and interest,

$797.02 for the escrow account, which included property taxes, and $248.68 for the escrow shortage.[1]   According to an annual escrow account statement of Washington Mutual, dated May 7, 2008, county property tax of $4,782.58 was due for July 2008, and the same amount would be due again in January 2009.   The total yearly property taxes, therefore, were approximately $9,565.16.  *See* Defendants David A. Massey and Ulrike H. Massey Opposition to Plaintiff's Motion for Summary Judgment, Doc. #54, Ex. B, p. 3.[2]  This was a significant increase over prior property taxes, which had averaged around $4,000 or less per year.

{¶ 5}    In December 2008, Chase filed suit against the Masseys, alleging that they were in default on their note and owed $93,254.13, plus interest, from June 1, 2008.  *See*  Complaint in *JP Morgan Chase Bank v. Massey*, Montgomery County Common Pleas Case No. 2008 CV 11015, filed on December 10, 2008. Chase filed a motion for summary judgment in that action, which was opposed by the Masseys.

{¶ 6}    After reviewing the materials the Masseys submitted, which are essentially the same as the materials submitted in the case before us, the trial court concluded that genuine issues of material fact precluded summary judgment.   In particular, the trial court relied on the total tax amounts for the years 2003-2008, which showed that other than the increased amount in 2007, the Masseys had paid less than $4,000 in taxes yearly.   The court also noted that the Chase statement showed total yearly taxes of more than $9,565.00.  *See  JP Morgan Chase Bank v. Massey*, Montgomery C.P. No. 2008 CV 11015, p. 3-4 (April 6, 2009).   In addition, the trial

---

[1]  If the Masseys had agreed to immediately pay the existing escrow arrearage of $2,948.16, their monthly payment would have been $1,467.57.    This would have included $670.47 for principal and interest, and $797.02 for the escrow account.

[2]  This figure is consistent with the increased escrow payment that Chase said it would charge, i.e., $797.02 x 12 = $9,564.24.

court focused on a fax from the Montgomery County Auditor's Office, which stated that "NEW value indicates $7,910 <u>reduction</u>," and that the 2008 taxes, payable in 2009, would not be reflected on the website until January 2009. *Id*. The trial court, therefore, concluded that the Masseys had set forth specific facts and exhibits indicating a genuine issue for trial. *Id*. at p. 3.

{¶ 7} Subsequently, the trial court in the first action issued a show cause order, asking Chase to show cause, within 14 days, as to why the action should not be dismissed for failure to prosecute. When Chase failed to respond, the trial court dismissed the case without prejudice. *JP Morgan Chase Bank v. Massey*, Montgomery C.P. No. 2008 CV 11015 (May 18, 2010).

{¶ 8} In the meantime, Chase and the Masseys entered into a special forbearance agreement. According to David Massey, the agreement was designed to resolve problems with the loan account. The agreement provided that the Masseys were to send $856.53 to reduce their delinquency, and would need to pay the same amount each month during June through October 2009. Chase indicated that it would reevaluate the Masseys' application for assistance at that time and decide if Chase were able to offer a permanent workout solution. The forbearance agreement further provided that if any part of the agreement were breached, Chase could terminate the agreement and begin or resume foreclosure proceedings.

{¶ 9} David Massey's affidavit indicates that he made the required payments in accordance with the agreement and continued to make the payments until Chase refused to accept further payments. Massey also stated that he did not receive a final loan modification from Chase, and did not receive any notice from Chase about the loan modification until after the second foreclosure action was filed.

{¶ 10} Chase filed the second foreclosure action in July 2010. Chase alleged that the

Masseys had defaulted on the promissory note, and asked for a judgment of $92,142.31, plus interest of 6.875% per annum from June 1, 2008. The Masseys filed an answer and counterclaim, alleging that Chase had breached the forbearance agreement and had also misrepresented facts regarding the loan modification.

{¶ 11} In April 2012, Chase filed a motion for summary judgment, supported by the affidavit of a bank vice-president and various documents, including the note and mortgage. The Masseys then responded to the motion, attaching various pleadings from the prior case as well as an affidavit from David Massey. The Masseys argued that errors made by Chase had caused their mortgage payment to nearly double without any basis or justification. They also argued that Chase had improperly refused to provide a full loan modification to settle the outstanding issues. In addition, the Masseys contended that the loan payment and amounts were not correct, based on documentation from the Montgomery County Auditor, which indicated that the taxes should have been approximately half of what Chase had charged for the escrow account.

{¶ 12} The trial court granted Chase's summary judgment motion, concluding that there were no genuine issues of material fact. After the Masseys appealed, we remanded the case to the trial court because the court's order failed to set forth the priorities of the claimants and did not order the property foreclosed. In October 2012, the trial court filed a judgment entry and decree of foreclosure, from which the Masseys again appealed.

## II. Did the Trial Court Err in Granting
## Chase's Motion for Summary Judgment?

{¶ 13} The Masseys' sole assignment of error states that:

The Trial Court Erred as a Matter of Law in Granting the Plaintiff-Appellee's Motion for Summary Judgment and Rendering Judgment in Favor of the Plaintiff in Montgomery County Case No. 2010 CV 5563 in Direct Contradiction to the Decision Overruling the Plaintiff's Motion for Summary Judgment in Montgomery County Case 2008 CV 11015.

{¶ 14} Under this assignment of error, the Masseys contend that the trial court's decision is erroneous because it is inconsistent with the judge's decision in the prior action, which found genuine issues of material fact based on the same facts. In response, Chase argues that the prior summary judgment decision is of no consequence to this action, because it was issued in a different proceeding. Chase also notes that summary judgment decisions can be revised at any time before a case is final. Chase further argues that it met its burden to establish a default, and that the Masseys failed to provide evidence necessary to establish genuine issues of material fact.

{¶ 15} "A trial court may grant a moving party summary judgment pursuant to Civ. R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." (Citation omitted.) *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist. 1999). "We review summary judgment decisions de novo, which means that we apply the same standards as the trial court." *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.)

{¶ 16} As an initial matter, we agree with Chase that the summary judgment ruling in

the prior action is legally irrelevant to the disposition of the summary judgment motion in the case before us. "An order of a trial court granting summary judgment but not containing Civ.R. 54(B) language that there is no just reason for delay is interlocutory." (Citation omitted.) *Lingo v. Ohio Central R.R. v. Norfolk Southern Ry.*, 10th Dist. Franklin No. 05AP-206, 2006-Ohio-2268, ¶ 17. An order denying summary judgment is also not final, but is interlocutory. *Hull v. Astro Shapes, Inc.*, 7th Dist. Mahoning No. 10 MA 26, 2011-Ohio-1656, ¶ 25. (Citations omitted.)

{¶ 17} "When an order of a trial court is interlocutory, the order remains subject to revision or modification by the trial court until and unless the order is certified as suitable for appeal, or the action is finally terminated as to all claims and all parties." *Lingo* at ¶ 17, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 90, 541 N.E.2d 64 (1989).

{¶ 18} When the trial court denied Chase's motion for summary judgment in the prior action, its order was interlocutory only. Furthermore, the prior action was not finally terminated as to all claims and all parties, because the case was dismissed without prejudice. "A dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced." *Midland Title Sec., Inc. v. Carlson,* 171 Ohio App.3d 678, 2007-Ohio-1980, 872 N.E.2d 968, ¶ 9 (8th Dist.) (Citations omitted.)

{¶ 19} The fact that the prior decision on summary judgment is legally irrelevant does not mean that summary judgment was appropriate, however. In order to resolve this issue, we apply the traditional standards for reviewing summary judgment, which require de novo review of the matter. The issue is whether there are genuine issues of fact precluding summary judgment.

{¶ 20} "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E–12–002, 2013-Ohio-3963, ¶ 10, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E–11–026, 2012–Ohio–721, ¶ 26. (Other citation omitted.)

{¶ 21} Chase submitted an affidavit indicating that its records contained a note between Washington Mutual Bank and the Masseys, and that Chase holds the note and is the servicer for the note. This was sufficient to show assignment by transfer of possession alone. *PHH Mtge. Corp. v. Unknown Heirs of Cox*, 2d Dist. Montgomery No. 25617, 2013-Ohio- 4614, ¶ 7, fn. 1.

{¶ 22} The affidavit submitted by Chase stated that the Masseys were in default, that they had not cured the default, and that the loan balance had been accelerated. In addition, Chase's affidavit set forth an amount of principal and interest that was due. However, the evidence submitted by the Masseys raises genuine issues of fact regarding whether that amount is correct.

{¶ 23} Chase contends that the Masseys' materials fail to meet evidentiary standards. However, Chase's own evidence supports the Masseys' claims about what occurred. Specifically, Chase attached documents to its affidavit that show a credit balance of more than $6,000 to be returned for escrow payments. This corroborates David Massey's affidavits and the documentation from the Auditor's Office indicating that the payments regarding the escrow were

incorrect. Chase's materials do not adequately explain the discrepancies.

{¶ 24} We also note that Chase failed to submit any materials indicating the payment history for the account, when the last payment was made, and when payments were credited to the account. This type of information would have been helpful. *Compare Bank of New York Mellon v. Morgan*, 2d Dist. Montgomery No. 25664, 2013-Ohio-4393, ¶ 38 (noting that the bank had attached copies of the payment history and the notice of default to its affidavit in support of a motion for summary judgment).

{¶ 25} Accordingly, the trial court erred in rendering summary judgment in favor of Chase. Genuine issues of material fact exist regarding whether Chase is entitled to summary judgment on its foreclosure claim. The Masseys' sole assignment of error, therefore, has merit and is sustained.

III. Conclusion

{¶ 26} The Masseys' sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Anne Marie Sferra
Nelson M. Reid
Douglas M. Trout
Robert D. Ross
Hon. Dennis J. Adkins