[Cite as *Nationstar Mtge., L.L.C. v. Dimasi*, 2016-Ohio-3057.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102985

---

# NATIONSTAR MORTGAGE L.L.C.

### PLAINTIFF-APPELLEE

vs.

# NIHAYE DIMASI, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-811772

**BEFORE:** McCormack, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** May 19, 2016

**ATTORNEYS FOR APPELLANTS**

Richard M. Conte
31200 Gates Mills Blvd.
Cleveland, OH 44124

Joseph A. Pfundstein
P.O. Box 46449
Cleveland, OH 44146


**FOR APPELLEES**

**Attorneys for Nationstar Mortgage, L.L.C.**

John B. Kopf
Thompson Hine L.L.P.
41 South High Street
Suite 1700
Columbus, OH 43215

John C. Allerding
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, OH 44114

Phillip C. Barragate
Jillian Henzler
Matthew Murtland
Shapiro, Van Ess, Phillips and Barragate, L.L.P.
4805 Montgomery Road, Suite 320
Cincinnati, OH 45212

Michael J. Sikora
Richard T. Craven
Alexander E. Goetsch
Sikora Law L.L.C.
8532 Mentor Avenue
Mentor, OH 44060

**For Citibank Federal Savings Bank**

Citibank Federal Savings Bank
11800 Spectrum Center Drive
Reston, VA 20191

**For Keybank National Association**

Keybank National Association
4900 Tiedeman Road, 4th Floor
Brooklyn, OH 44144

TIM McCORMACK, J.:

{¶1}   Defendant-appellant Nihaye Dimasi appeals from a judgment of the Cuyahoga County Court of Common Pleas that granted foreclosure in favor of appellee Nationstar Mortgage L.L.C.   For the following reasons, we affirm the trial court's judgment.

**Background**

{¶2}   In 2005, appellant Dimasi and her husband, Ali Mansour (now deceased), purchased a home in Lakewood.   Mansour alone executed a promissory note for the amount of $116,000 in favor of Lehman Brothers Bank.   The note was secured by a mortgage against the Lakewood property, executed by both Mansour and appellant, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Lehman Brothers and its successors and assigns.   In July 2013, MERS assigned the mortgage to Nationstar.    Nationstar is the current loan servicer in possession of the note, which has been endorsed in blank.

{¶3}   Mansour passed away in February 2013.   The loan went into default in March 2013, with a remaining balance of $102,907.60.   In August 2013, Nationstar filed a complaint against appellant for foreclosure, attaching to its complaint a copy of the note, the mortgage, and the mortgage assignment.   Appellant did not file an answer, and the trial court entered a default judgment in Nationstar's favor.

{¶4}   Appellant subsequently filed a motion for relief from the default judgment. She stated, as grounds for relief, that she is of Arab descent and unable to read or write

English and she was told to sign the mortgage, without much understanding of what she was signing. She also stated that, because she does not read mail, she was unaware of the notice of the foreclosure action sent by Nationstar. She claimed that she had the ability to meet the terms of the loan modification offered by Nationstar. The trial court vacated the default judgment.

{¶5} Subsequently, appellant filed an answer and counterclaim. She alleged that the mortgage was invalid because it had been improperly executed and notarized. She admitted signing the mortgage, but alleged that, because of her limited English proficiency, she had little understanding of the import of her signature; she also claimed that the notary could not have properly administered the oath because she did not understand English well enough to understand the oath of the notary. In her counterclaim, she claimed the mortgage was invalid for the reasons cited in her answer and she sought a judgment dismissing Nationstar's complaint for foreclose.

{¶6} Nationstar filed a motion to dismiss the counterclaim. Appellant filed an opposition to Nationstar's motion to dismiss, alleging, for the first time, that her signature on the mortgage was forged by an impersonator.

{¶7} The trial court granted Nationstar's motion to dismiss appellant's counterclaim. Nationstar then filed a motion for summary judgment. Attached to its motion was an affidavit of Jerrell Menyweather (an Assistant Secretary for Nationstar), the note indorsed in blank, the mortgage, and the mortgage assignment.

**{¶8}** Appellant opposed the motion on the ground that the signature on the mortgage had been forged. Nationstar filed a reply brief, attaching an affidavit from Dale Kolesar, the notary and closing escrow agent who was present during the execution of the subject mortgage in 2005. Kolesar averred that appellant was present at the closing and he verified her identity by reviewing her passport. A copy of appellant's passport was attached to his affidavit.

**{¶9}** In addition, Nationstar argued that, regardless of whether appellant executed the mortgage, the mortgage constituted a "purchase money mortgage," that is, a mortgage given to secure funds for the purchase of real property, and as such, encumbered the entire property.

**{¶10}** Appellant filed a brief in response, arguing that, as "purchase money mortgage," the mortgage cannot be validly assigned to another.

**{¶11}** A magistrate issued a decision with a lengthy analysis granting summary judgment in favor of Nationstar. The magistrate found that appellant had admitted to signing the mortgage in her answer. More importantly, regardless of whether appellant executed the mortgage, the mortgage constituted a "purchase money mortgage" that encumbered the entire property. Regarding appellant's claim that the mortgage had not been validly assigned, the magistrate determined that appellant, who was not a party to a mortgage assignment, lacked standing to challenge the assignment. The magistrate also rejected appellant's contention that a "purchase money mortgage" cannot be assigned.

Appellant filed objections to the magistrate's decision. The trial court overruled her objections and adopted the magistrate's decision.

**Appeal**

{¶12} There appears to be a moving target in the defenses asserted by appellant in this foreclosure action. Instead of asking this court to review the trial court's ruling that the mortgage constituted a purchase money mortgage that encumbered the entire property regardless of her execution of the mortgage, appellant raises a new claim on appeal. Her sole assignment of error states:

> The trial court erred when it granted Appellee Plaintiff Nationstar's motion for summary judgment when Nationstar received the mortgage through an assignment from a nominee, MERS, which authority as nominee was granted by Lehmann [sic] Brothers in the original mortgage and whose nominee authority ended when Lehmann [sic] Brothers filed Chapter 11 bankruptcy and the North American Assets of Lehmann [sic] Brothers [were] sold to Barklays Bank and therefore, appellee Nationstar was unable to demonstrate standing let alone entitlement to judgment as a matter of law.

{¶13} Appellant now contends Nationstar did not have standing to file the instant foreclosure action because Nationstar was not properly assigned the mortgage. For the first time, she argues MERS had no authority to assign the mortgage to Nationstar after Lehman Brothers filed for bankruptcy and another bank purchased the assets of Lehman Brothers.

{¶14} Regarding standing, under the current case law, Nationstar had standing if it could establish *either* that it was the holder of the note *or* it had been assigned the mortgage. *See, e.g., CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392 ,

¶ 21 (8th Dist.); *GMAC Mtge., L.L.C. v. Long*, 8th Dist. Cuyahoga No. 102064, 2015-Ohio-4071, ¶ 15. Here, Nationstar established that it was in possession of the blank-indorsed note at the time it filed the complaint — Nationstar's possession of the note was demonstrated by the attachment of a copy of the note to an affidavit, coupled with the affiant Jerrell Menyweather's statement concerning Nationstar's possession of the note. *See, e.g.*, *Bank of N.Y. Mellon v. Morgan*, 2d Dist. Montgomery No. 25664, 2013-Ohio-4393, ¶ 50; *BAC Home Loans Servicing, L.P. v. Untisz*, 11th Dist. Geauga No. 2012-G-3072, 2013-Ohio-993, ¶ 20; *U.S. Bank, N.A. v. Adams*, 6th Dist. Erie No. E-11-070, 2012-Ohio-6253, ¶ 16-18. Appellant never challenged Nationstar's possession of the note in the proceedings below. By virtue of a possession of the note endorsed in blank, a foreclosing bank is the holder of the note and has standing to enforce the note under Ohio law. *See, e.g., Deutsche Bank Natl. Trust Co. v. Najar,* 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657. Therefore, Nationstar had standing to file the instant foreclosure action.

{¶15} For the first time on appeal, appellant raises a new claim. She claims that MERS, as nominee, did not have the authority to assign the subject mortgage to Nationstar due to the bankruptcy of the original lender Lehman Brothers.

{¶16} We note that a defendant such as appellant, who was not a party to an assignment of mortgage, lacks standing to challenge the assignment. *Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35, citing *Bridge v. AAMES Capital Corp.*, N.D. Ohio No. 1:09 CV 2947, 2010 U.S. Dist.

LEXIS 103154 (Sept. 28, 2010) (a borrower lacks standing to challenge the mortgage assignment because the mortgage assignment does not alter the borrower's obligations under the note or mortgage). In any event, the claim of invalid mortgage assignment based on the original lender's bankruptcy was never raised before the trial court for its consideration. We will not address a claim raised for the first time on appeal. *Jacubenta v. Cadillac Ranch*, 8th Dist. Cuyahoga No. 98750, 2013-Ohio-586, ¶ 18.

{¶17} Although appellant's assignment of error only concerns MERS' authority to assign the mortgage subsequent to the original lender's bankruptcy, appellant raises an additional claim under the assignment of error that is unrelated to MERS' authority to assign the mortgage. She claims that the notary/closing escrow agent Kolesar's affidavit failed to establish Nationstar's possession of the note or a chain of custody of the note and mortgage. Regarding this claim, we note that Kolesar's affidavit goes to the authenticity of appellant's signature. It is Menyweather's affidavit — unchallenged in the proceedings below — that established the bank's possession of the note.

{¶18} As our review of the record reflects, after initially admitting signing on the mortgage in her answer to Nationstar's foreclosure complaint, appellant subsequently claimed her signature had been forged by an impersonator. After the trial court found her execution of the mortgage immaterial to the mortgage's encumbrance of her interest in the property due to the mortgage being a "purchase money mortgage," appellant gave up that claim on appeal and instead asks this court to address a new issue, one concerning

the authority of MERS to assign the mortgage after the original lender's bankruptcy. The issue is not properly before us for appellate review, and we decline to address it.

{¶19} The trial court's judgment is affirmed.

{¶20} It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MELODY J. STEWART, J., CONCUR